327 So.2d 417 (1976)
STATE of Louisiana
v.
Glynn J. JONES.
No. 56847.
Supreme Court of Louisiana.
February 23, 1976.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Nicholas Noriea, Jr., Asst. Dist. Attys., for plaintiff-relator.
John C. Reynolds, Donald E. Theriot, Reynolds, Nelson & Theriot, J. Daniel Rivette, New Orleans, for defendant-respondent.
SUMMERS, Justice.
Defendant Glynn J. Jones entered a guilty plea on July 29, 1975 to a charge of simple burglary of an automobile. La.R.S. 14:62. He was sentenced to serve three years at hard labor, but the sentence was suspended and defendant was placed on inactive probation for five years (later amended to active probation) upon condition that he serve one full year in parish prison. La.Code Crim.Pro. art. 895B.
Thereafter, on August 7, 1975, the District Attorney filed a multiple offender bill based upon the authority of Section 529.1 of Title 15 of the Revised Statutes. Therein it was alleged that defendant had previously pled guilty on November 26, 1969 to a charge of attempted armed robbery, a felony under the law of Louisiana, at which time he was sentenced to serve two years at hard labor. La.R.S. 14:27, 64. In this multiple offender bill the District Attorney suggested that defendant's punishment should be enhanced in conformity with Section 529.1 of Title 15 of the Revised Statutes as both crimes were felonies.
Accordingly, on September 5, 1975 defendant was tried and found guilty as a second offender, his previous sentence of July 29, 1975, was vacated, and he was sentenced to serve three years at hard labor; further, the execution of the sentence was suspended, and he was placed on active probation for five years, a special condition of probation required that defendant be imprisoned for one year without hard labor, with credit for time served since June 7, 1975.
The State then applied to this Court on September 10, 1975 for certiorari, complaining *418 that the trial judge was without authority to suspend a sentence imposed because of a multiple offense conviction under the authority of Section 529.1 of Title 15 of the Revised Statutes. While the proper procedure prescribed by Article 882 of the Code of Criminal Procedure was to appeal this case, when the writ application is filed within the delay provided for appeal, we will treat the application as the timely lodging of an appeal. La.Code Crim.Pro. art. 914.
The language of Section 529.1 of Title 15 is quite explicit. Insofar as it is pertinent here, it provides:
"A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state upon conviction of said felony shall be punished as follows:
"(1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction . . ."
The penalty for simple burglary, the July 29, 1975 conviction and the second felony referred to above, is imprisonment at hard labor for not more than nine years. La.R.S. 14:62. Conviction of an attempt to commit simple burglary must not exceed one-half of the longest term of imprisonment for the offense so attempted. La.R.S. 14:27. Therefore, the trial judge was authorized to sentence defendant to serve three years at hard labor, a sentence not exceeding one-half of nine years, and a sentence falling within the limits prescribed by Sections 27 and 62 of Title 14 of the Revised Statutes.
Thus, when at the trial of the multiple offender charge the trial judge vacated the sentence for the July 29, 1975 conviction, the sentence to imprisonment on the multiple offender charge was required to be "for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction." La.R.S. 15:529.1A(1). The trial judge complied with this mandate by sentencing defendant to imprisonment for three years at hard labornot less than one-third of the maximum term of four and one-half years prescribed for attempted simple burglary. La.R.S. 14:27, 62.
However, nowhere in the multiple offender statute is language found authorizing the suspension of any sentences prescribed there. If the trial judge's suspension of defendant's multiple offender sentence is to be upheld, other authority must be found for the action. In the response of the trial judge, and in the defense brief, reliance is placed upon Article 893 of the Code of Criminal Procedure, which is quoted in full:
"When it appears that the best interest of the public and of the defendant will be served, the court, after conviction of a felony for which the punishment is with or without hard labor or a felony which is a violation of the Controlled Dangerous Substances Law of Louisiana, noncapital felony, may suspend for the first conviction only the imposition or execution of any sentence, where suspension is allowed under the law and in either case place the defendant on probation under the supervision of the division of probation and parole supervision. The period of probation shall be specified and shall not be less than one year nor more than five years. The suspended sentence shall be regarded as a sentence for the purpose of *419 granting or denying a new trial or appeal.
"The court under the same conditions and by the same procedure as provided for above may suspend the execution or imposition of the sentence of a multiple offender and place the defendant on probation if he intends to participate in the program authorized by the Federal Narcotics Rehabilitation Act or other federal or state rehabilitation programs, however if for any reason the defendant is rejected by said program he shall be returned to the custody of the court which imposed the sentence and the sentencing judge shall order the sentence be executed. Rejection by said program shall be a violation of the defendant's suspended sentence.
"If the sentence consists of both a fine and imprisonment, the court may impose the fine and suspend the sentence or place the defendant on probation as to the imprisonment.
"The court shall not suspend a felony sentence after the defendant has begun to serve the sentence.
"When the imposition of sentence has been suspended by the court, as authorized by this article, and the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution and the dismissal of the prosecution shall have the same effect as acquittal, except that said conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses."
The first impression gained from a reading of this Article as it applies to the instant case is that after a conviction of a noncapital felony a judge may suspend "for the first conviction only" the imposition or execution of the sentence "where suspension is allowed under the law."
Insofar as the first paragraph of the Article is concerned, the quoted phrases do not support the suspension of the enhanced penalty. Suspension is allowed "for the first conviction only," which means that this second offense is not susceptible of suspension. And, then, suspension is not permitted except "where suspension is allowed under the law." As already noted, Section 529.1, the multiple offender statute, under which defendant must be sentenced since he has been convicted as a second offender, does not allow suspension of sentences.
The trial judge and the defense contend, however, that authority for the suspension may be found in the second paragraph of Article 893, which permits suspension of a multiple offender's sentence and allows him to be placed on probation "if he intends to participate in the program authorized by the Federal Narcotics Rehabilitation Act or other federal or state rehabilitation programs." (emphasis added.)
The argument in this regard is that the Louisiana Department of Probation and Parole is a State rehabilitation program within the contemplation of Article 893 and, therefore, when a convicted second offender is placed on active probation he participates "in the program authorized by the Federal Narcotics Rehabilitation Act or other federal or state rehabilitation programs."
This argument does not take into consideration the meaning of the Article when read as a whole. When the article provides for suspension "for the first conviction only" a general limitation is placed upon the authority of courts to suspend sentences. If the second paragraph was *420 not confined to narcotic rehabilitation programs and suspension of second offender sentences was thereby authorized whenever the defendant was placed on probation and required to participate in any rehabilitation program, state or federal, not limited to narcotic programs, the limitation upon suspension "for the first conviction only" contained in paragraph one would be rendered meaningless. The general state probation system is not within the contemplation of the second paragraph. The language of the second paragraph by its context and its total structure contemplates participation in special state programs for narcotic rehabilitation.
The Court is aware of the programs for rehabilitation referred to in the defense brief and the view expressed concerning those programs. Without further comment on these arguments, it should be pointed out that the Louisiana Legislature has not, in this instance, declared that suspension is permitted for enhanced penalties, except where narcotic rehabilitation is involved. Furthermore, the total absence of authorization for suspension of sentences in the multiple offender statute militates against the defense contention.
Therefore, the Court is of the opinion that the authority to suspend a felony conviction is limited to the first conviction only, except when a defendant is placed on probation to participate in a narcotic rehabilitation program.
In his per curiam the trial judge submits that notwithstanding that Article 893 does not authorize suspension of sentences imposed for second offenses, except when the defendant is placed on probation for participation in a program of narcotic rehabilitation, the Article is unconstitutional in that it fails to set forth any type of proceeding to determine whether the defendant is, in fact, a second or multiple offender; nor does it set forth any time limitation or prescriptive period for such a determination. Of course, if the Court finds the Article to be unconstitutional the defendant's position is not improved, for in that case there would be no authority whatsoever for suspension of a multiple offense sentence. In that situation, no authority would exist for the suspension the trial judge sought to grant. Under the circumstances, the Article's constitutionality should not be questioned when those who urge its unconstitutionality are not in a proper posture to do so, and when another ground has been found to dispose of the only contention raised by the application for writs.
For the reasons assigned, the judgment of the trial court, insofar as it suspends the sentence imposed, is reversed and set aside, and the case is remanded to the trial court with instructions to correct the sentence in a manner not inconsistent with the views expressed. La.Code Crim.Pro. art. 882.
DIXON, J., dissents.