367 So.2d 346 (1979)
STATE of Louisiana
v.
Louis HOPKINS.
No. 62840.
Supreme Court of Louisiana.
January 29, 1979.
Gravel, Roy & Burnes, Richard V. Burnes, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., William E. Tilley, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.[*]
Defendant, Louis Hopkins, was charged by grand jury indictment with distribution of heroin on January 30, 1976, in violation of R.S. 40:966. After trial by jury, beginning May 17, 1976, he was found guilty as charged. On June 2, 1976, the trial court imposed a sentence of life imprisonment at hard labor, the mandatory term under the statute. R.S. 40:966(B)(1).
Defendant appealed this conviction and sentence to this court. In State v. Hopkins, 351 So.2d 474 (La.1977), this court affirmed his conviction on the merits. This court noted, however, that the trial court sentenced Hopkins on the same day that it *347 a motion for a new trial, and no entry appeared which indicated a waiver of the twenty-four hour delay before sentencing as required by C.Cr.P. 873. Accordingly, this court remanded the case for resentencing.
On June 23, 1978, the trial court again sentenced Hopkins to life imprisonment and made the sentence executory as it had the first time. Defendant now challenges this sentence on appeal, urging nine assignments of error.

Assignment of Error No. 7
The defense argues that the mandatory life sentence imposed is excessive per se and constitutes cruel and unusual punishment. The defense here reurges the same attack on the penalty for heroin distribution in R.S. 40:966(B)(1) that it tried originally in State v. Hopkins, supra. At that time this court rejected the argument and subsequently has reaffirmed its position in State v. Mallery, 364 So.2d 1283,1978 and State v. Terrebonne, 364 So.2d 1290, 1978.
This assignment of error lacks merit.

Assignments of Error Nos. 4, 5, and 6
Defense contends that the trial court erred in failing to consider that Hopkins was convicted for heroin distribution which occurred before the penalty provision of R.S. 40:966 was amended in 1977 and under the existing statute at the time of the offense probation and parole were available.[1] Further, defense contends that the trial court incorrectly ruled that it lacked the power to suspend in whole or in part a felony sentence.
In remanding the instant case for resentencing, State v. Hopkins, 351 So.2d 474, 479 (La.1977), this court cited State v. Whitehurst, 319 So.2d 907 (La.1975), noting that "those convicted under this statute still have available to them probation and parole. . ." The court was referring to the penalty provision for heroin distribution in effect before R.S. 40:966(B)(1) was amended by Acts 1977, No. 631 § 1 which was effective September 9, 1977, and provided for life imprisonment "without benefit of probation, or suspension of sentence." The applicable penalty provision for the instant offense, committed on January 30, 1976, provided for a sentence of life imprisonment at hard labor and allowed, as an option, the imposition of a fine. Acts 1973, No. 207 § 3. The statute did not bar parole or probation. State v. Wilson, 362 So.2d 536 (La.1978); State v. Terrebonne, supra; State v. Mallery, supra.
Hopkins still had available to him at the discretion of the judge suspension and probation.
Under the penalty provisions before the 1977 amendment, a trial court could suspend the mandatory life sentence for heroin distribution. This suspension of sentence in a felony case is authorized by C.Cr.P. 893 which provides in part:
"When it appears that the best interest of the public and of the defendant will be served, the court, after conviction of a felony for which the punishment is with or without hard labor or a felony which is a violation of the Controlled Dangerous Substances Law of Louisiana, noncapital felony, may suspend for the first conviction only the imposition or execution of any sentence, where suspension is allowed *348 under the law and in either case place the defendant on probation under the supervision of the division of probation and parole supervision. The period of probation shall be specified and shall not be less than one year nor more than five years. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal.
The court under the same conditions and by the same procedure as provided for above may suspend the execution or imposition of the sentence of a multiple offender and place the defendant on probation if he intends to participate in the program authorized by the Federal Narcotics Rehabilitation Act or other federal or state rehabilitation programs, however if for any reason the defendant is rejected by said program he shall be returned to the custody of the court which imposed the sentence and the sentencing judge shall order the sentence be executed. Rejection by said program shall be a violation of the defendant's suspended sentence.
If the sentence consists of both a fine and imprisonment, the court may impose the fine and suspend the sentence or place the defendant on probation as to the imprisonment."
At the sentence hearing, Hopkins admitted to a prior felony conviction for robbery. If Hopkins is a multiple offender, he is eligible for suspension of sentence only if he enters a recognized narcotics rehabilitation program. See State v. Jones, 327 So.2d 417 (La.1976). However, at the time of the instant offense, January 30, 1976, R.S. 40:966 did not, as it now does, expressly prohibit the suspension of sentence for heroin distribution. See State v. Lacour, 363 So.2d 521 (La.1978). Hopkins still had available to him at the discretion of the trial judge suspension of sentence.
The defense further argues that if the trial court did not want to suspend the felony sentence in whole then the court could suspend the felony sentence in part. C.Cr.P. 894 provides that in a misdemeanor case the court "may suspend the imposition or the execution of the whole or any part of the sentence imposed." C.Cr.P. 893 provides that in felony cases the court may suspend the imposition or execution of any sentence for the first conviction. Suspension in part of a felony sentence is not part of the Louisiana sentencing structure. (Suspension in part of a misdemeanor sentence was not part of the law until 1966).
We find meritorious defense's argument that the trial court failed to consider the availability for Hopkins of suspension and probation, which existed before the 1977 amendment and at the time of the commission of the offense. See State ex rel. Robertson v. Maggio, 341 So.2d 366 (La.1976).

Assignments of Error Nos. 1,2, 3, 8 and 9
Defense consolidated his five assignments of error and contends that because the trial judge believed he had no authority to impose anything except the whole unsuspended mandatory life sentence, the trial court did not consider C.Cr.P. 894.1.
By Acts 1977, No. 635 § 1, effective September 9, 1977, the legislature added C.Cr.P. 894.1 which requires that the sentence be individualized. The trial court is required to state for the record the considerations taken into account and the factual basis supporting them in imposing the particular sentence upon the individual before the court. State v. Jackson, 360 So.2d 842 (La.1978); State v. Scarborough, 359 So.2d 982 (La.1978). The trial court's statement of reasons should reflect that he followed the prescribed sentencing guidelines which would particularize the sentence. State v. Gibson, 362 So.2d 769 (La.1978); State v. Sepulvado, 359 So.2d 137 (La.1978).
Of course C.Cr.P. 894.1 presupposes that the trial court has a choice between suspension and execution of the sentence imposed, but we have already found that the trial court had this power of suspension in sentencing for heroin distribution before the 1977 amendment to R.S. 40:966(B)(1). The hearing record indicates that most of the discussion between defense counsel and the *349 trial court concerned the court's ability under the law to suspend Hopkins' mandatory life sentence. The trial court disagreed with some hesitancy that it had such power before sentencing defendant to a mandatory life sentence:
"BY MR. BURNES (defense counsel):
So I don't contest that the statuteat least as far as the statute goesthat you cannot impose anything other than a life sentence. But I'm saying that your honor can suspend that sentence in whole or in part. That's the legal position that I'm urging with respect to your authority. The other part of my argument is why you should exercise that authority; that authority to suspend in whole or the authority to suspend in part.
BY THE COURT:
I don't see that I haveit's not clear cut to me that I can do that.
BY MR. BURNES:
Yes, your honor.
BY THE COURT:
And for that reason I would stay with the mandatory sentence in accordance with Revised Statute Title 40. Sec. 966 B, sub-sec. 1, and say that he, Louis Hopkins be sentenced to life imprisonment at hard labor in accordance with that title and section number with the Louisiana Department of Corrections.
BY MR. BURNES:
Has the sentence just been imposed, your honor?
BY THE COURT:
Yes sir."
The record of the sentencing hearing does not indicate that the trial court followed the sentencing guidelines of C.Cr.P. 894.1. The trial court did not state for the record the considerations taken into account and the factual basis for imposing sentence nor did it give weight to the grounds enumerated in C.Cr.P. 894.1 B for determination of suspension of sentence or probation. Accordingly, defendant's sentence is vacated and the case is remanded to the trial court with instructions to the trial judge to consider the statutory sentencing guidelines before imposing sentence.
NOTES
[*] Chief Judge L. Julian Samuel participated in this decision as Associate Justice Ad Hoc sitting in the place of Chief Justice Joe W. Sanders, Retired.
[1] Specifically, defense quotes the following from the sentencing hearing:

"BY THE COURT:
We have a statute that says it's mandatory and of course you've got a case there which uses the word `probation and parole,' but I'm not sure that applies to the trial judge."
"BY THE COURT:
Of course, I realize that, or I feel that under the case of State vs. Speed, I believe it was, that if the state doesn't raise the issue the judge can give almost any kind of sentence, but in the absence of some agreement with the state I'd have to stay with the mandatory aspect of it."
BY THE COURT:
. . . I'm just guessingBut I don'tlooking at the rap sheet and the mandatory aspect of the law and, of course, considering your argument that it's not mandatory, I still feel that it's the safest thing for the trial judge to do is to stay with the law as it's written."