PER CURIAM.
Defendant Chester Barthlomew was indicted together with one Jerry Lee for distribution of heroin, a violation of La.R.S. 40:966. On October 20,1977, in a joint trial before the judge alone defendant was found guilty as charged and Lee was acquitted. Thereafter, the court sentenced defendant to serve life imprisonment without benefit of probation, parole or suspension of sentence for twenty years. On appeal he urges two assignments of error.
With regard to defendant’s first assignment of error, we have reviewed the transcript of the pretrial hearing in question and find that he was adequately informed of the informant’s role in the transaction.
We need not reach defendant’s second assignment of error concerning the constitutionality of his sentence of life imprisonment, since we find that the sentence imposed in this case was illegal and must be set aside. But see, State v. Terrebonne, 364 So.2d 1290 (La.1978) and State v. Mallery, 364 So.2d 1283 (La.1978). At the time this crime was committed La.R.S. 40:966(B) provided for a sentence of life imprisonment and, optionally, for a fine not exceeding fifteen thousand dollars. However, the harshness of the penalty was tempered by the availability of suspension of sentence and probation for less culpable offenders. See, State v. Terrebonne, 364 So.2d at 1293 (concurring opinion by Calogero, J.). It was not until after this offense that a 1977 amendment removed these alternatives. Acts 1977, No. 631. Therefore, the denial of “probation, parole or suspension of sentence for twenty years” in the present case was erroneous not only because it exceeded statutory limits, State v. Wilson, 362 So.2d 536 (La.1978), but also because it indicates a disregard for available sentencing alternatives, State v. Hopkins, 367 So.2d 346 (La.1979).
Accordingly, defendant’s conviction is affirmed but the sentence is set aside and the case is remanded for resentencing in accordance with the views expressed herein.