380 So.2d 62 (1980)
STATE of Louisiana
v.
Lionel FORET and Judith McWhorter.
No. 65382.
Supreme Court of Louisiana.
February 6, 1980.
*63 Miriam W. Waltzer, New Orleans, A. J. Boudreaux, New Orleans, Indigent Defender Bd., 24th Judicial Dist. Court, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott Reeves, G. Michael Grosz, Asst. Dist. Attys., for plaintiff-appellee.
PER CURIAM.
Defendants Lionel Foret and Judith McWhorter were indicted together for distribution of heroin in violation of LSA-R.S. 40:966(A)(1), Acts 1973, No. 207, § 3. After joint trial before a jury, beginning on January 26, 1977, defendant Foret was found guilty as charged, and defendant McWhorter guilty of possession of heroin. LSA-R.S. 40:966(C). The trial court sentenced Foret to life imprisonment at hard labor, and McWhorter to seven years' imprisonment at hard labor. Defendants have appealed their convictions and sentences to this Court, urging the sixteen assignments of error filed in the court below.
We have reviewed defendants' assignments as they relate to the underlying convictions in this case, and find them without merit. Accordingly, we affirm as to both defendants. With respect to Foret alone, however, we note that the trial court has indicated that it sentenced defendant to jail because, in its view, it had no other choice under the statute. The trial court erred and we now set aside its sentence.
Defendant Foret was alleged to have committed this offense on July 1, 1976. At that time LSA-R.S. 40:966(B) provided for a sentence of life imprisonment and, optionally, for a fine not exceeding fifteen thousand dollars. It did not deny the offender eligibility for suspension of sentence and probation. State v. Hopkins, 367 So.2d 346 (La.1979). In September, 1977, well after the offense here, the legislature eliminated that alternative by amending R.S. 40:966(B) to its present form.
Therefore, the imposition of the life sentence in this case appears erroneous, as it indicates a disregard for the sentencing alternatives available to the trial court under the appropriate law. State v. Hopkins, supra.
Accordingly, we affirm the conviction as to both defendants, but set aside the sentence of defendant Foret and remand his case for resentencing in accordance with the views expressed herein, and in conformity with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1.