414 So.2d 730 (1982)
STATE of Louisiana
v.
Everett SCHAEFFER.
No. 81-KA-2535.
Supreme Court of Louisiana.
May 17, 1982.
Rehearing Denied June 18, 1982.
*731 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, Michael McDonald, Asst. Dist. Attys., for plaintiff-appellee.
Robert L. Kleinpeter, of Kleinpeter, Kleinpeter & Kleinpeter, Baton Rouge, for defendant-appellant.
FRED S. BOWES, Justice Pro Tem.[*]
The defendant, Everett Schaeffer, pleaded guilty to possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A), while reserving the right to appeal the denial of his motion to suppress. State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced to serve two years at hard labor and to pay a fine of $15,000. Subsequently, the two-year sentence was suspended. On appeal, defendant urges two assignments of error.
Assignment of Error No. 1
By this assignment, defendant contends that the trial court erred in denying his motion to suppress the evidence. The defendant argues that the affidavit supporting the search warrant was inadequate to establish probable cause.
The following information was contained in the affidavit for the search warrant: On April 22, 1980, the affiant, Lt. M. C. Fourrier, of the Baton Rouge Police Department, was contacted by Officer Steve Raacke of the Hammond Police Department. Officer Raacke informed Lt. Fourrier that he had, on that day, arrested Everett Schaeffer and Felicia Grissom for possession of cocaine and hashish on their persons. Also discovered on Schaeffer was a key to room number 171 of the Ramada Inn in Baton Rouge, Louisiana. Lt. Fourrier further asserted that Ms. Grissom informed him over the telephone that there were additional quantities of the above substances still secreted in Room 171 of the Ramada Inn, and that the room was still under the control of both herself and Schaeffer.[1]
The United States Supreme Court in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. *732 1509, 12 L.Ed.2d 723 (1964) laid down the following two-prong test to be used when hearsay information is used to establish probable cause: 1) The magistrate must be informed of some of the underlying circumstances upon which the informant's conclusions were based; and 2) the magistrate must be informed of some of the underlying circumstances from which the affiant concluded that the informant was credible or his information was reliable.
Defendant argues that Ms. Grissom's information failed the Aguilar test. However, this Court has held that when an informant's statement fails to meet the "two-pronged test" in Aguilar, the affidavit may nevertheless be sufficient if there is enough information in the application to permit "the suspicion engendered by the informant's report to ripen into a judgment that a crime was probably being committed." Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); State v. Tate, 407 So.2d 1133 (1981). Affidavits must be tested and interpreted by magistrates and courts in a common sense and realistic fashion. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); State v. Mena, 399 So.2d 149 (La.1981).
The issue in this case is whether or not the information contained in the affidavit, coupled with the informant's statement, was sufficient for the police to reasonably conclude that there were illegal drugs contained in the defendant's motel room. Ms. Grissom admitted that there were additional quantities of cocaine and hashish in the Ramada Inn motel room. This was corroborated by the fact that the defendant had, on his person, a key to Room 171 of the Ramada Inn in Baton Rouge. Lt. Fourrier's affidavit informed the court that the room was still under the control of Grissom and the defendant. The affidavit also stated that the defendant and Ms. Grissom had been arrested for possession of cocaine and hashish and that Grissom was admitting to having left more of the drugs in their room. Clearly, there was enough information in the affidavit for the issuing judge to conclude that a crime was probably being committed. Therefore, we are satisfied that the affidavit taken as a whole contained sufficient facts for the magistrate to reasonably determine that probable cause existed for issuance of the search warrant in this case.
This assignment is without merit.
Assignment of Error Number 2
By this assignment, defendant contends that the trial court erred in failing to impose sentence in accordance with the provisions of La.C.Cr.P. Arts. 893 and 894.1, in considering incorrect information, and in imposing the maximum fine.
The defendant first argues that the trial judge did not comply with Art. 894.1 in sentencing him. In State v. Jackson, 360 So.2d 842 (La.1978), we held that a trial judge is required to state for the record both the considerations he has taken into account and the factual basis for the imposition of sentence. La.C.Cr.P. Art. 894.1. Although he referred to the presentence investigation report, the judge in this case made no mention of any aggravating or mitigating circumstances, except for a reference to a prior conviction on the part of the defendant in March of 1977 for a felony drug charge. In City of Baton Rouge v. Bourgeois, 380 So.2d 63 (La.1980), we held that the trial judge did not comply with Art. 894.1 by merely noting that he had considered the information provided in the presentence investigation report.
Defendant's second contention is that the trial judge improperly concluded that he was unable to put the defendant on probation due to his prior conviction. The defendant's probation for his prior conviction was terminated and a judgment of acquittal was entered in his favor on December 1, 1978. The trial judge believed that he was unable to give the defendant probation because La.C.Cr.P. Art. 893 prohibited him from doing so. Art. 893 was amended by Acts, 1980, No. 311 to prohibit suspension of sentence and probation for a multiple offender convicted of possession of a controlled dangerous substance with intent *733 to distribute, this amendment was effective on September 11, 1980, four months after the date of the offense in question, which was allegedly committed on May 14, 1980. Suspension of sentence and probation was not prohibited by the old Art. 893, which was in effect at the time the offense was committed.
In sentencing the defendant, the trial court incorrectly concluded that the defendant was arrested for the instant offense during the course of his probation for his earlier conviction. The judge indicated that he would be inclined to place the defendant on probation for the instant offense, but that he was prevented from doing so by the amended version of Art. 893. Because the amendment to Art. 893 went into effect prior to the defendant's guilty plea, the trial judge erroneously believed that the amended version of the article should govern.
It is clear that the trial judge did not comply with the sentencing guidelines of Art. 894.1. Additionally, the trial court relied on erroneous conclusions of law and fact in sentencing the defendant to two years plus a $15,000 fine. The defendant was not on probation when he was arrested. Since the amendment to Art. 893, prohibiting suspension of sentence, did not go into effect until four months after the offense was committed, the trial judge was not prohibited from giving the defendant a suspended sentence. The trial court, therefore, based its sentence on an erroneous factual conclusion, and on an erroneous view of its sentencing alternatives in this case. These considerations require the vacating of the defendant's sentence and a remand for resentencing. State v. Foret and McWhorter, 380 So.2d 62 (La.1980); State v. Hopkins, 367 So.2d 346 (La.1979).

DECREE
For the above reasons, we affirm the defendant's conviction, but set aside the sentence and remand his case for resentencing in accordance with the views expressed herein, and in conformity with La.C.Cr.P. Arts. 893 and 894.1.
DENNIS, J., concurs with reasons.
LANIER, J. Pro Tern., concurs with reasons.
LEMMON, J., concurs for the reasons assigned by LANIER, J. Pro Tern.
WALTER I. LANIER, Jr., Justice Pro Tem, (concurring).
I concur in the result reached in this case, but would treat Assignment of Error Number 2 differently.
On April 22, 1980, pursuant to a search warrant, police officers searched Room 171 of the Ramada Inn in Baton Rouge, Louisiana, occupied by the defendant, Everett Schaeffer, and seized approximately one-half pound of suspected cocaine. The defendant was subsequently charged with possession of cocaine (as defined in Schedule II (A)(4) of La.R.S. 40:964) with intent to distribute in violation of La.R.S. 40:967(A)(1) and punishable by La.R.S. 40:967(B)(2). The defendant pled guilty as charged and reserved his right to appeal the denial of his motion to suppress. State v. Crosby, 338 So.2d 584 (La.1976).
At the sentencing hearing, it was determined that the defendant previously pled guilty to possession of Lysergic Acid Diethylamide (LSD) and possession of Methamphetamine and had been placed on probation. The trial judge then ruled that Act 311 of 1980 amending Article 893(B) of the Code of Criminal Procedure,[1] effective September *734 11, 1980, was not an ex post facto law, was retroactive and prohibited the suspension of execution of sentence or probation in the instant case because the defendant was a second offense felon convicted of possession with intent to distribute a Controlled Dangerous Substance. The trial judge then sentenced the defendant to serve two (2) years at hard labor in the custody of the Louisiana Department of Corrections, and to pay a fine of $15,000 and all costs of the proceedings. The trial judge indicated, however, as he was imposing sentence that he "would be inclined, even though you have a previous felony conviction, in light of the other circumstances of the pre-sentence investigation, the court would be inclined to place you on probation with appropriate conditions, one of which would be that you would have to serve a specified amount of time." Apparently, the trial judge ordered that execution of sentence be suspended, pending an appeal in this case.[2]
Prior to the amendment of Article 893 by Act 311 of 1980, trial judges were prohibited from imposing suspended sentences for second felony offenders except in cases in which the defendant was committed to a drug rehabilitation program. State v. Beatty, 391 So.2d 828 (La.1980); State v. Hopkins, 367 So.2d 346 (La.1979); State v. Jones, 327 So.2d 417 (La.1976). The determination of whether or not to place a defendant in a drug rehabilitation program was in the sound discretion of the trial judge. State v. Cain, 382 So.2d 936 (La. 1980).
The defendant alleges that the trial court committed error in ruling that Act 311 of 1980 amending Article 893(B) was retroactive instead of applying Article 893(B) as it existed on the date of the offense. The State does not contest this claim but urges that the sentence imposed is lawful, not excessive within the discretion of the trial judge, and that no useful purpose would be served by a remand because the defendant is not a drug user and a drug rehabilitation program would do him no good. The State further urges that even if the trial judge used the wrong reasons for sentence, that nevertheless the sentence is correct.
This appears to be a case of first impression on the issue of whether or not a law which diminishes or repeals the eligibility of a defendant for probationary treatment and suspension of sentence is ex post facto and thus prospective in application only. This court has previously held that laws which diminish a person's eligibility for good time and laws diminishing a person's eligibility for parole are ex post facto and cannot be applied retroactively. State v. Siegel, 376 So.2d 492 (La.1979); State ex rel. Bickman v. Dees, 367 So.2d 283 (La.1978); State v. Curtis, 363 So.2d 1375 (La.1978). By analogy it would appear that the principles espoused in those cases are equally applicable to the instant case and that the trial judge was in error. Act 311 of 1980 is not retroactive in application and the provisions of Article 893(B) as they existed on April 22, 1980, are applicable to this case.
For these reasons, a remand for re-sentencing is justified.
On the remand the trial judge may properly consider Act 311 of 1980, La.R.S. 40:982 (Second and Subsequent Offenses under the Controlled Dangerous Substance Law) and La.R.S. 15:529.1 (Habitual Offender Law) insofar as they represent legislative determinations relative to the "seriousness of the crime." State v. Wright, 384 So.2d 399 (La.1980). The trial judge may also consider the fact that the defendant was previously on probation, even though it terminated prior to the instant offense, and any other aggravating and mitigating factors in the record and pre-sentence investigation in *735 determining whether or not the defendant is a proper person for probationary treatment in a drug rehabilitation unit.
NOTES
[*] Judges Fred S. Bowes and Nestor L. Currault, Jr. of the Court of Appeal, Fifth Circuit and Walter 1. Lanier, Jr., of the Court of Appeal, First Circuit, participated in this decision as Associate Justices pro tempore, joined by Associate Justice Calogero, Dennis, Blanche and Lemmon.
[1] The affidavit supporting the arrest warrant stated that the room was rented to Schaeffer. The registration receipt was also in Schaeffer's name.
[1] Act 311 of 1980 amended Paragraph B of Article 893 to provide as follows:

"B. The court under the same conditions and by the same procedure as provided for above may suspend the execution or imposition of the sentence of a multiple offender who has been convicted, in the instant offense, of a violation of the Controlled Dangerous Substances Law of Louisiana, other than the production, manufacture, distribution, or dispensing, or possession with intent to produce, manufacture, distribute or dispense, or the attempt to produce, manufacture, distribute or dispense, or the attempt to possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance, and place the defendant on probation if he intends to participate in the program authorized by the Federal Narcotics Rehabilitation Act or other federal or state rehabilitation programs; however, if for any reason the defendant is rejected by said program, he shall be returned to the custody of the court which imposed the sentence and the sentencing judge shall order the sentence executed."
[2] When an appeal is taken, execution of sentence is automatically suspended pursuant to the provisions of Article 913(B) of the Code of Criminal Procedure.