GULOTTA, Judge.
In this writ application, the State seeks to set. aside the sentence of the trial court suspending the prison term of a habitual offender whose most recent conviction was for possession of heroin. As part of the sentence, defendant was enrolled in a drug rehabilitation program.
Upon consideration of the application and the response, we conclude the trial court erred when it suspended the sentence.
Defendant argues that State v. Jones, 327 So.2d 417 (La.1976), which held that a multiple offender is eligible for suspension of sentence if he enters a recognized narcotics rehabilitation program, supports the trial court’s suspension of defendant’s sentence. But unlike the instant case, the defendant in Jones was convicted on non-narcotic related charges, and, at the time, LSA-R.S. 40:966[1] (under which the defendant was convicted in the instant case) had not been amended to prohibit the suspension of sentence.
In State v. Wimberly, 414 So.2d 666 (La.1982), the Supreme Court recognized that upon a defendant’s conviction for a second felony offense, LSA-C.Cr.P. Art. 893 divests the sentencing judge of his discretion to suspend the defendant’s sentence.[2] *354 Moreover, the defendant in the instant case was convicted for possession of heroin in violation of LSA-R.S. 40:966 C(l), which prohibits the suspension of sentence for such offense. See State v. Foret, 380 So.2d 62 (La.1980).
Accordingly, the sentence imposed is vacated and set aside. The matter is remanded to the trial court for resentencing.

. LSA-R.S. 40:966 provides in pertinent part:
“C. Possession. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedule I unless such substance was obtained directly, or pursuant to a valid prescription or order from a practioner or as provided in R.S. 40:978, while acting in the course of his professional practice, or except as otherwise authorized by this part. Any person who violates this subsection with respect to:
(1) A substance classified in Schedule I which is a narcotic drug (all substances in Schedule I preceded by an ‘ * ’), shall be imprisoned at hard labor for not less than four years nor more than ten years without benefit of probation or suspension of sentence and may, in addition, be required to pay a fine of not more than five thousand dollars.”

. LSA-C.Cr.P. Art. 893 provides in pertinent part:
“A. When it appears that the best interest of the public and of the defendant will be served, the court, after conviction of a felony for which the punishment is with or without hard labor or a felony which is a violation of the Controlled Dangerous Substances Law of *354 Louisiana, noncapital feiony, may suspend for the first conviction only the imposition or execution of any sentence, where suspension is allowed under the law (our emphasis) and in either case place the defendant on probation under the supervision of the division of probation and parole supervision... .
B. The court under the same conditions and by the same procedure as provided for above (our emphasis) may suspend the execution or imposition of the sentence of a multiple offender who has been convicted, in the instant offense, of a violation of the Controlled Dangerous Substances Law of Louisiana, other than the production, manufacture, distribution, or dispensing, or possession with intent to produce, manufacture, distribute or dispense, or the attempt to produce, manufacture, distribute or dispense, or the attempt to possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance, and place the defendant on probation if he intends to participate in the program authorized by the Federal Narcotics Rehabilitation Act or other federal or state rehabilitation programs ... . ”