455 So.2d 681 (1984)
STATE of Louisiana, Appellee,
v.
Claudell GRIFFIN, Appellant.
No. 16321-KA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1984.
Writ Denied October 12, 1984.
*682 Steven R. Thomas, Public Defender, Mansfield, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James L. Davis, Dist. Atty., Claude R. Sledge, Asst. Dist. Atty., Many, for appellee.
Before PRICE, JASPER E. JONES and SEXTON, JJ.
JASPER E. JONES, Judge.
The defendant, Claudell L. Griffin, was charged with burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2. Pursuant to a plea bargain he pled guilty to a reduced charge of simple burglary in violation of LSA-R.S. 14:62 and was sentenced to four years at hard labor. Defendant appeals his sentence contending the trial judge failed to comply with the sentencing guidelines contained in LSA-C. Cr.P. art. 894.1 and that the sentence was excessive.
*683 The sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Brooks, 431 So.2d 865 (La.App.2d Cir.1983); State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, 434 So.2d 452 (La.App.2d Cir. 1983).
A sentence is constitutionally excessive in violation of Louisiana Constitution of 1974, Art. 1, § 20 if it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La. App.2d Cir.1983).
The sentencing guidelines of LSA-C.Cr.P. art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App.2d Cir.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in C.Cr.P. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Cunningham, supra; State v. Smith, 433 So.2d 688 (La. 1983); State v. Hammonds, supra. The trial court's failure to adequately comply with C.Cr.P. 894.1 does not, in and of itself, render a sentence invalid or warrant a remand for resentencing. The sentence will be upheld if the record clearly illumines and supports the sentencing choice. State v. Williams, 397 So.2d 1287 (La.1981); State v. Smith, 430 So.2d 31 (La.1983).
At the sentencing hearing the trial judge reviewed the defendant's past criminal record which consisted of a prior shoplifting conviction and a prior conviction of attempted felony theft, and the defendant admitted each of these prior convictions. Prior to the sentencing hearing the trial judge filed written reasons for sentence which had been previously reviewed by the defendant and his attorney.
In the written reasons the trial judge pointed out that the defendant had been sentenced and placed on probation on the attempted felony theft conviction on May 31, 1983 and had committed the instant offense one month and seven days later. The trial judge concluded that because the attempted felony theft conviction was a felony the defendant could not receive a probationary sentence in the instant case. The trial judge then stated that because the defendant had violated the earlier probationary sentence in the attempted felony theft case that probation would not be appropriate here even if it was legally possible. The trial judge stated: "He is obviously in need of correctional treatment in a custodial environment. If allowed to remain outside a custodial environment there is good reason to think he would commit another offense."
The trial judge gave no indication in his written reasons or in the sentencing hearing that he had considered any of the defendant's mitigating circumstances as required by 894.1.[1] The trial judge's compliance with 894.1 was inadequate and contained an erroneous conclusion of law. The judge considered the conviction of attempted felony theft to be a prior felony conviction precluding probation, whereas this offense is not a felony[2] and a probationary sentence could have here been imposed as *684 the penalty for the defendant's first felony conviction. LSA-C.Cr.P. art. 893.
Where the sentencing judge erroneously believes that he cannot impose a probationary sentence and indicates that he would impose a probationary sentence if it was legally possible and proceeds to sentence the defendant to a prison term, the sentence must be reversed. In such circumstances the defendant does not receive the benefit of a sentencing option available to the judge. The case must be remanded for resentencing. State v. Schaeffer, 414 So.2d 730 (La.1982); State v. Foret, 380 So.2d 62 (La.1980); State v. Hopkins, 367 So.2d 346 (La.1979). These cases are distinguishable from the case here presented because the judge, while erroneously believing the defendant had a prior felony conviction and for this reason could not receive a probationary sentence, unequivocally stated that he would not place this defendant on probation even if it was provided for under the law. The trial judge stated defendant had just violated an earlier probationary sentence and was in need of a custodial environment in order to prevent him from committing other offenses. This sentence is not reversible solely because of this error of law made by the trial judge because the error did not deprive the defendant of the sentencing option of probation.
The trial judge's failure to adequately comply with 894.1 guidelines would require a reversal of the sentence except for the fact we conclude the record clearly illumines and supports the sentencing choice. State v. Williams, supra; State v. Smith, supra.
Within the brief period between March 2, 1983 and July 6, 1983 the defendant committed the crimes of shoplifting, attempted felony theft and simple burglary on which he was charged and convicted. In addition to these three crimes the defendant admitted that a very short time before he committed the simple burglary he had committed the theft of his sister's T.V. set and sold it. He stated that the purpose of his subsequent burglary was to secure a T.V. set to replace the one which he had taken from his sister so she would not discover the theft. From the observations we have made it is apparent the defendant was guilty of four crimes against property within a period of three months and one week. He had established that a probationary sentence would not deter him from being a continued threat to the property of the public.
The appellant received a substantial benefit from his plea bargain for the reason that the sentence required for burglary of an inhabited dwelling must include a prison sentence "at hard labor for not less than one year without the benefit of probation or suspension, nor more than twelve years." 14:62.2. In the plea bargain defendant's charge was reduced to simple burglary which provides for a maximum sentence of twelve years but does not require that one year of it be without benefit of probation or suspension of sentence. 14:62. The benefit received in a plea bargain is a factor to be considered in determining if the sentence imposed is excessive. State v. Lanclos, 419 So.2d 475 (La. 1982). We also note defendant's sentence of four years was only 1/3 of the maximum sentence to which he was exposed following the plea bargain.
We find the record clearly illumines the sentencing choice of the trial judge and the sentence is not excessive. For these reasons the sentence need not be reversed, even though the trial judge failed to comply with 894.1 guidelines.
The sentence is AFFIRMED.
NOTES
[1] The mitigating factors which could have been considered were: 1) this was the defendant's first felony conviction; 2) he was only 23 years of age; 3) he was married and had three young children; and 4) some of his criminal conduct was designed to secure money with which to buy food for his family.
[2] Felony is defined by LSA-R.S. 14:2(4) as any offense for which the offender may be sentenced to death or imprisonment at hard labor. LSA-R.S. 14:27D(2) provides that attempted felony theft is punishable by imprisonment for not more than one year. It does not provide that the imprisonment may be at hard labor. Since a sentence of hard labor cannot be imposed for the offense of attempted felony theft this offense is not a felony.