MARVIN, Judge.
Cecil O’Neal Lea appeals his sentence to three years at hard labor after pleaing guilty to simple burglary on the prosecutor’s recommendation to the court that the sentence not exceed four years and run concurrently with any sentence Lea received for a burglary committed in another parish. The sentence is not excessive per se, but we set it aside and remand for resentencing for these reasons:
Finding that Lea was a second-felony offender and ineligible for a probated sentence, the trial court mentioned that the PSI report showed that Lea had a “fairly good background,” but did not otherwise refer to any CCrP Art. 894.1 sentencing considerations.
The bill of information charged Lea with committing simple burglary in DeSoto Parish on May 8, 1984. The other burglary referred to by the trial court is shown to have been committed in Sabine Parish. Although Lea was sentenced in Sabine Parish on December 5, 1984, before he was sentenced in DeSoto Parish on February 5, 1986, Lea was not a second-felony offender, as the trial judge assumed. To be denied first-offender status under CCrP Art. 893, a defendant must have committed a second offense after he was convicted of a first offense. The date of the first conviction and not the sequence of the sentences determines when CCrP Art. 893 is applicable. State v. Wimberly, 414 So.2d 666 (La.1982); State v. Griffin, 455 So.2d 681 (La.App. 2d Cir.1984), writ denied, 458 So.2d 128 (La.1984). Under these circumstances, the DeSoto burglary was Lea’s first, and not second, felony conviction.
We shall therefore set aside the sentence and remand for resentencing in accordance with CCrP Art. 894.1. State v. Griffin, supra. See State v. Curry, 400 So.2d 614 (La.1981); and State v. Hicks, 403 So.2d 676 (La.1981).
Sentence set aside. Remanded for'resen-tencing.