KLIEBERT, Judge.
Christopher Ware, defendant, was charged with two counts of violating LSA-R.S. 40:967 A-l, distribution of a Schedule II controlled dangerous substance, to-wit: *1304 Cocaine. A jury found him not guilty of one count and guilty of attempted possession of a controlled dangerous substance on the other count. He was sentenced to three (3) years in jail and fined $3,000.00.
Defendant appeals alleging the trial court erred by not following the sentencing guidelines as established by La.C.Cr.P. Article 894.1 and that the sentence imposed is in violation of Article I, Section 20 of the Louisiana State Constitution.. For the following reasons we vacate defendant’s sentence and remand to the trial court for resentencing.
The maximum sentence for attempted possession of a controlled dangerous substance for which defendant was convicted is one-half of the prescribed maximum sentence for possession. The maximum sentence for possession is five (5) years plus a fine of $5,000.00. Hence, here the maximum sentence is imprisonment with or without hard labor for not more than two and one-half years and, in addition, a fine of no more than two thousand five hundred dollars. La.R.S. 40:979(A); La.R.S. 40:967(0(2).
In sentencing the defendant, the trial judge said:
“Mr. Ware, as you know, you were charged with distribution of Schedule II, controlled dangerous substance, in violation of R.S. 49:67, [sic] and I really feel strongly that the jury gave you mercy insofar as the evidence that I listened to in Open Court. Their judgment was guilty of the lesser charge, guilty of attempted possession of a controlled dangerous substance; rather remarkable from the evidence I have heard.
Their judgment was guilty of attempted possession; however, it remains the final judgment of this Court, and I adopt the jury’s findings. Now, it is my duty to sentence you.
Mr. Ware, I have to reflect the community’s attitude on even a case as miniscule as attempted possession. Unfortunately, I have to temper any judgment with the same leanings the others have gotten in these matters, because I don’t draw any distinction between plea bargains and findings of guilty. My sentence also reflects, I think, not only the cross section of the community but this court’s policy on drugs in general. As your lawyer has probably told you, and, Mrs. Lucas, for the record note that Mr. Landry is present with Mr. Ware in Open Court. The maximum sentence is two and a half years (2½) at hard labor with a $7,500.00 fine. It is this Court’s judgment that you serve eleven (11) months and three (3) weeks in parish jail, at which time you will be placed on active probation for the remainder of your sentence of two years (2 yrs.) and one (1) week. You are fined $3,000.00 plus cost of court, and you are ordered to reimburse the indigent defender board of no less than $700.00 for your legal defense.
Before I start getting phone calls from anyone on your behalf, I will say that I will not consider early release until after you have served at least six (6) months of your term and if the fine and other costs have been paid.
The defendant is given credit for one (1) day served in the parish jail prior to making bond. The defendant has forty-eight (48) hours within which to put his personal affairs in order, and he will report to the St. John the Baptist Parish jail at or about 10:30 A.M. Wednesday the 17th of June 1987 to begin his sentence.
Written copy of the judgment will be prepared and given you and your client, Mr. Landry.”
The sentence imposed was placed in the form of a commitment entitled “Sentence and Order” and states in pertinent part:
“Defendant shall serve three years in Parish Jail of which the Defendant will enjoy active probation for a period of two (2) years and one week under the following conditions:
A fine of $3,000.00 will be paid within one week, in addition to Court costs of $152.00. Mr. Landry’s fees for legal services will be reimbused to the Indigent Defender Board of no less than $700.00 (final fee to be set by Board approval);
*1305 The Court will consider early release only after six months in Parish Jail.”
The sentence of three (3) years plus a fine of $3,000.00 is excessive in that it violates the maximum legislative-set penalty of two and one-half (2V2) years and $2,500.00 for the crime convicted.
Moreover, we note the trial court did not consider the guidelines of La.C.Cr.P. Article 894.1 when imposing the sentence. Although the trial judge is not required to discuss every item of C.Cr.P. Article 894.1, the record must reflect that the judge took these matters into consideration State v. Griffin, 455 So.2d 681 (2d Cir.1984) writ denied 458 So.2d 128 (La.1984).
The trial court’s failure to comply with sentencing guidelines does not necessarily require a sentence to be set aside if the record clearly supports the sentencing choice and demonstrates the sentence was not arbitrary or excessive. State v. Davis, 448 So.2d 645 (La.1984); State v. Kennedy, 461 So.2d 455 (5th Cir.1984) writ denied 466 So.2d 467 (La.1985). Here, however, the sentence imposed is not sanctioned by the statutes (LSA-R.S. 40:979[A]; LSA-R.S. 40:967[C][2]) and was imposed without following the sentencing guidelines of La.C. Cr.P. Article 894.1. Consequently, we vacate the sentence and remand the case for resentencing.
SENTENCE VACATED, REMANDED FOR RESENTENCING.