758 So.2d 844 (2000)
STATE of Louisiana.
v.
Kevin W. BAZAR.
No. CR99-752.
Court of Appeal of Louisiana, Third Circuit.
February 2, 2000.
Jason W. Robideaux, Lafayette, LA, Counsel for Kevin W. Bazar, Appellant.
Earl Taylor, District Attorney's Office, Opelousas, LA, Counsel for State of Louisiana, Appellee.
Before DOUCET, C.J., THIBODEAUX and DECUIR, Judges.
DECUIR, Judge.
The Defendant, Kevin W. Bazar, was charged with aggravated arson, in violation of La.R.S. 14:51. After a one-day jury trial, the Defendant was found guilty as charged and sentenced to eight years at hard labor, three years of which were suspended for the purpose of restitution and mental health treatment.
After the Defendant's motion to reconsider sentence was denied, he filed this appeal of his conviction and sentence.

FACTS:
On the evening of April 16, 1998, victim Vickie Martin Keys was outside of his mobile home visiting with the Defendant, a friend of the victim's family. The Defendant borrowed two dollars from Keys, and *845 asked for a ride to the store to buy beer. Keys declined, so the Defendant asked to borrow one of the Keys' bicycles. Keys also declined to lend him a bicycle. The Defendant became upset; he appeared intoxicated, but lucid.
Keys then went inside to go to bed, leaving the Defendant outside the door. Barely ten minutes later, Mrs. Keys noticed that it was "mighty bright outside." She opened the blinds and saw flames rising near the window. When firemen arrived, the Defendant remained at the scene, and helped string out the fire hose. Police later took him into custody, and he gave a confession to an investigator from the Louisiana State Fire Marshal's Office.

ASSIGNMENTS OF ERROR NOS. 1 & 2:
In his first two assignments of error, the Defendant alleges that his trial counsel was ineffective 1) by failing to move for a mistrial when she learned the jury had been exposed to "other crimes evidence" previously ruled inadmissible, and 2) by failing to object or move for mistrial when the court sought to remedy the "other crimes" error by providing jurors with the Defendant's admissable written statement.
At trial, the State attempted to introduce evidence that the Defendant had set a fire at the local post office. The Defendant had made two oral statements which the fire marshal's investigator rendered in writing. One statement included the Defendant's admission that he had lit a trash-can fire at the post office. After a Prieur hearing, the district court ruled that evidence of the post office fire was inadmissible but that the other statement was admissable.
During jury deliberations, the court discovered that when the Defendant's admissable statement was published to the jury, one juror received a copy that included the statement concerning the post office fire. The trial court tried to remedy the situation by admonishing the jury that it should only consider Exhibit S-3, which would then be provided to the juror who had seen Exhibit S-2. The court asked if there was any objection and the Defendant's trial counsel indicated she had none.
Claims based upon ineffective assistance of counsel are properly raised in applications for post-conviction relief. State v. Burkhalter, 428 So.2d 449 (La.1983). Post-conviction procedures enable the district court to order a full evidentiary hearing on the matter. State v. Seiss, 428 So.2d 444 (La.1983).
We find that the record contains insufficient information for this Court to determine whether the Defendant's trial counsel was ineffective. The record does not contain counsel's testimony concerning the reasons for her actions and the strategy she had undertaken. An evidentiary hearing, conducted as part of post-conviction relief, would allow the lower court to develop a full record on this matter. Without such a record, any attempt to analyze trial counsel's performance would rest upon mere speculation. Professional counsel should not be branded "ineffective" based upon mere speculation, nor should a duly tried defendant obtain relief on such a basis. Counsel's trial strategy is more properly addressed in a post-conviction proceeding. State v. Guillory, 95-383 (La. App. 3 Cir. 1/31/96); 670 So.2d 301.

ASSIGNMENT OF ERROR NO. 3:
The Defendant complains that the sentence imposed by the trial judge is indeterminate, and thus, illegal. The judge imposed an eight-year sentence, with three years suspended for the purpose of mental health treatment (there was some evidence that the Defendant has alcoholic tendencies) and restitution, which was set at $4000. He also ordered five years supervised probation. He mentioned as an alternative sentence, six years at hard labor.
The trial judge was concerned about imposing a partially suspended sentence because of the provisions of La.Code Crim.P. Art. 893 A and La.R.S. 14:2(13)(t), which together prohibit a suspended sentence *846 for the crime of aggravated arson, a specified crime of violence. The arson statute itself, however, provides for a sentence of not less than six nor more than twenty years and states that "[t]wo years of such imprisonment at hard labor shall be without benefit of parole, probation, or suspension of sentence." La.R.S.14:51. The trial judge was of the opinion that these statutes were in direct conflict with one another; however, he chose to follow the provisions of R.S. 14:51 which seem to allow for a partially suspended sentence. In an effort to streamline further proceedings, the judge stated for the record that he would impose a six-year sentence in the event that the original sentence would be declared illegal:
THE COURT: Well, I'll tell you what I'm going to do. Those statutes conflict, and it's more important to this court that restitution and mental health treatment be made, and the presentence investigation does not prohibit it, and I'm sentencing him the way I'm sentencing him. And if they wish to change it, they may change it. But restitution to this victim for out-of-pocket expense is something that outweighs Article 893A as far as this court is concerned. If they want to change it, they can change it; I'm giving him the sentence that I think he deserves according to the statute. And it's more important for this victim to be recompensed, and I can't give restitution without the suspension, and ... In a conflictual situation with Article 893 and the crime of violence statute coming later on, they did not see fit to put that in the body of the other statutes, and there's some question as an overlapping or possible conflict. As a result thereby, I see no reason, I see no legal justification for punishing a victim of a crime by not being able to at least have some form of suspended sentence to require restitution. And I think that would prime in this particular case, and I'm going to sentence him as such. And if the sentence is determined to be not appropriate insofar as there cannot be any suspension of sentence, then I will come back and resentence him. But at present, I'm going to sentence him the way I have here.
* * * * *
As an alternate, to make sure that there's no problem, this is what the court wants. The original sentence is given. In the event it is determined that a suspension of sentence is not allowed for purposes of requiring restitution and mental health treatment for this defendant, if that is determined, then the court will sentence the defendant to six years at hard labor.
* * * * *
Six years at hard labor, if it is determined that the sentence is not suspendable. And the only reason the court is suspending it and putting him on probation for a short period of time is to make sure that he gets restitution and mental health. Now, you have a serious conflict there where the statute prohibits that. I mean, it would be very hard-pressed for this court, in an aggravated battery situation, where a person had medical treatment and because it is a crime of violence, that the court cannot order restitution of medical treatment because of a crime of violence. Maybe the people didn't think about that when they passed the statute, but maybe this case will make [sic] think about it so they can think before they pass statutes. So that's all the court can do. If it's declared that I cannot suspend the sentence, then the sentence is six years at hard labor.
We note at the outset that the six-year alternate sentence was simply an expression of the trial judge's intention if he was later required to resentence the Defendant. The judge's comments do not make the sentence indeterminate; if anything, the Defendant knows with certainty what sentence will be imposed if and when he *847 is resentenced. We reject the argument that the sentence must fall because it is indeterminate.
We consider now the trial judge's determination that a conflict exists between the prohibition against a suspended sentence for aggravated arson contained in Article 893 and R.S. 14:2 and the seemingly permissive language of the arson statute itself. The State objected at the time of sentencing based on this apparent conflict. Article 893 governs the permissibility of suspension and probation. Although R.S. 14:51 prohibits suspension and probation for two years, it does not state that the trial court may or must suspend or probate any or all of the remainder of the sentence. In other words, it does not grant to a sentencing court any authority or discretion to impose a suspended sentence.
In State v. Hopkins, 367 So.2d 346 (La. 1979), the supreme court stated that the "suspension of sentence in a felony case is authorized by C.Cr.P. 893 ..." Id. at 347. In State v. Willis, 95-316 (La.App. 3 Cir. 10/4/95); 663 So.2d 392, this court stated that article 893 allows the trial court to suspend a sentence after a first or second non-capital felony conviction. Addressing a trial court's erroneous suspension of sentence for a multiple offender, the supreme court stated the following in State v. Jones, 327 So.2d 417 (La.1976):
However, nowhere in the multiple offender statute is language found authorizing the suspension of any sentences prescribed there. If the trial judge's suspension of defendant's multiple offender sentence is to be upheld, other authority must be found for the action. In the response of the trial judge, and in the defense brief, reliance is placed upon Article 893 of the Code of Criminal Procedure...
Id. at 418.
Finding that suspension was not authorized by Article 893, the court reversed the judgment of the trial court, insofar as it suspended the sentence imposed, and remanded to the trial court with instructions to correct the sentence.
As in Jones, nowhere in La.R.S. 14:51 is language found authorizing the suspension of any sentence prescribed therein. Thus, authority must be found elsewhere, i.e., Article 893. Since Article 893 prohibits suspension of a sentence imposed for a crime of violence, the trial judge had no authority to suspend the sentence in the present case.
In the above-quoted comments by the trial judge, it is clear that he disagrees with the legislative prohibition against suspension in a long list of enumerated "crimes of violence." The judge's dissatisfaction with the law stems from the fact that the legislature has effectively tied his hands. Although he can see first hand what is best for the Defendant and the victim in terms of sentencing, he is no longer able to implement those tools necessary for a proper sentence. In the instant case, the Defendant is a first felony offender with a mental deficit and alcoholic tendencies. The evidence indicates that he has worked for his parents all of his adult life in order to earn a paycheck. The trial judge had three goals at the time of sentencing: 1) a period of incarceration, 2) $4000 in restitution for a very forgiving victim, and 3) rehabilitation for alcohol-related problems.
A partially suspended sentence is the only mechanism by which the trial judge could implement the worthy goals of restitution and rehabilitation. In fact, in order to impose restitution as part of the sentence, the trial judge was compelled to suspend part of the sentence under Article 895.1. (Now, under Article 883.2, a sentencing judge can order restitution while a defendant is serving a prison sentence, but without a suspended sentence and the threat of incarceration, there is no enforcement mechanism to insure payment, and the defendant does not have an opportunity to earn wages from which to make payment.)
*848 The policy considerations behind probation are important and deserve to be discussed herein. Probation is a useful tool with which to enforce restitution. It can serve to monitor a defendant's employment and social behavior. It can insure that therapy and/or rehabilitation are taking place. When used in conjunction with incarceration, probation serves as a transition period for an inmate to settle back into society and, most important, prevent recidivism. Nevertheless, the legislature saw fit to take away the enforcement mechanism for probation in certain situations, i.e. a partially suspended sentence.
In order to enforce the conditions of probation, a sentencing judge can order a suspended jail term, in whole or in part depending on the conviction, on the condition that the Defendant successfully complete probation. If the Defendant fails to fulfill the conditions of probation, then the suspended jail term is imposed at a revocation hearing. A sentencing judge cannot impose conditions of probation and then, if the Defendant does not fulfill those conditions, order additional jail time. Because of the constitutional protections against double jeopardy, a defendant can only be sentenced once. Hence the need for a suspended sentence with probationary conditions at the time of original sentencing. By taking away the sentencing judge's authority to order a partially suspended sentence for all "crimes of violence," the legislature has effectively taken away all the worthy and rehabilitative conditions that can be imposed during a period of probation.
Perhaps the legislature's goal in amending Article 893 was to impose mandatory periods of incarceration for a long list of violent crimes. This, too, is a worthy goal and one with which we certainly do not disagree. We surmise, however, that the more practical and effective method of reaching this goal would be simply to state that minimum mandatory prison terms must be imposed for certain enumerated crimes.
Be that as it may, we are constrained to follow Article 893 and hold that the trial judge herein erred in imposing a partially suspended sentence for the crime of aggravated arson. While we will affirm the Defendant's conviction, we are compelled to vacate the sentence imposed and remand for resentencing.
We point out that the parties raised in this appeal the question of whether the trial judge properly ordered, on original sentencing, that five of the eight years at hard labor be served without benefit of probation, parol, or suspension of sentence. The period of time without benefits is moot, since we have vacated the sentence. It is clear, however, that the arson statute requires that two years be served without benefits, no more and no less.

DECREE
For the above and foregoing reasons, the conviction of Kevin Bazar is affirmed and the sentence imposed upon him is vacated. The matter is remanded for resentencing in accordance with this opinion.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.