PER CURIAM.
On September 17, 1975, defendant John Domino was indicted for the crime of distribution of heroin, a violation of La.R.S. 40:966. On November 22, 1976, defendant was tried before a twelve person jury which found him guilty as charged. Thereafter, the trial court sentenced him to serve life *195 imprisonment at hard labor without benefit of parole, probation or suspension of sentence. On appeal defendant urges four (4) assignments of error.
We have reviewed defendant’s assignments of error and find them to be without merit. However, we note ex proprio motu, that the sentence imposed by the trial court is improper. See La.C.Cr.P. art. 920(2); State v. Jones, 341 So.2d 3 (La.1976). At the time the subject offense was committed, La.R.S. 40:966(B)(1) provided that a person convicted of distribution of heroin should be “sentenced to life imprisonment at hard labor and, in addition, [could] be required to pay a fine of not more than Fifteen Thousand Dollars.” La.R.S. 40:966(B)(1), as amended by acts 1973, No. 207, § 3. Consequently, the trial court erred in qualifying defendant’s sentence of life imprisonment by the language “without benefit of parole, probation or suspension of sentence.”
Accordingly, defendant’s conviction is affirmed, but the case is remanded for resen-tencing in accordance with law.
REVERSED AND REMANDED.