468 So.2d 557 (1985)
STATE of Louisiana
v.
Sawyer LEWIS.
No. 84-KA-1654.
Supreme Court of Louisiana.
May 14, 1985.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Nicholas F. Noriea, Asst. Dist. Atty., for plaintiff-appellee.
Jacques F. Bezou, George E. Mouledoux, Rebecca Sawyer, New Orleans, for defendant-appellant.
*558 WATSON, Justice.
Defendant, Sawyer Lewis, is appealing from his conviction for possession of heroin with intent to distribute[1] and sentence to life imprisonment without benefit of parole.[2] Defendant contends that: (1) the evidence against him should have been suppressed; and (2) the sentence is unconstitutionally disproportionate to his offense.

FACTS
On December 29, 1976, at approximately 6:30 P.M., New Orleans Police Officers John F. Marie, Jr., and Warren Keller went to the Streamline Tavern at 3235 Fern Street in search of an armed robbery suspect, Lincoln Lewis. The block sometimes had "heavy narcotic activity." (Tr. 311) The area, known as Girt Town, is bounded by Carrollton Avenue, Earhart Boulevard, Washington Avenue and Jefferson David Parkway. One member of a group loitering in front of the bar, later identified as this defendant, Sawyer Lewis, saw the police car and ran inside the tavern. The officers followed, although Officer Keller was delayed by having to park the car. Officer Marie observed Sawyer Lewis take a leather jacket from an empty booth, place something in a pocket, discard the jacket and walk away. Officer Keller saw Lewis holding the jacket but did not see him put anything in it. There were no other people nearby. Being in his shirt sleeves, Sawyer Lewis had been conspicuous among the people outside the tavern in forty degree weather.
Marie found two balloons in the jacket. A pink balloon was closed and knotted. An orange balloon was ripped open at the bottom, revealing pieces of tin foil. Inside the pocket, Marie saw five loose tin foil packets. Also in the jacket were a utility bill, receipt, keys, loose change, and a driver's license with forty dollars wrapped around it.
Marie, carrying the jacket, walked over to Keller and told him that this was a "962", the police code for narcotics. Approaching Lewis, the officers identified themselves and took Lewis out to their car. There Marie examined the contents of the tin foil packets which contained a brown powder resembling heroin.
Forty-nine foil packets were in the jacket and the contents tested positive for heroin. Lewis was indicted for possession of heroin with intent to distribute. He was tried by a twelve person jury and found guilty as charged by a ten to two vote. Lewis was sentenced to life imprisonment "without benefit of parole". A new sentencing hearing was granted by the trial court because the possibility of a suspended sentence had not been considered. After hearing testimony on the possibility of rehabilitation, the trial court affirmed the original sentence, determining that defendant is not a heroin addict. Present counsel was appointed and perfected this appeal.

ASSIGNMENT OF ERROR NUMBER ONE
Lewis claims that the trial court erred by admitting into evidence the jacket, balloons, foil packets, utility bill, receipt, driver's license, money and keys. He argues that these items were illegally seized without probable cause and without a search warrant in violation of the Fourth Amendment of the United States Constitution and Article 1, Section 5, of the Louisiana Constitution of 1974.
At trial, the seized items were admitted into evidence, despite an unspecified objection. No motion to suppress was *559 ever filed.[3] Failure to file a motion to suppress tangible evidence either before or during trial waives any objection. An unspecified objection does not suffice. State v. Brogdon, 426 So.2d 158 (La., 1983); State v. Williams, 362 So.2d 530 (La., 1978); State v. Keys, 328 So.2d 154 (La., 1976); State v. Lawrence, 260 La. 169, 255 So.2d 729 (1971); State v. Royal, 255 La. 617, 232 So.2d 292 (1970). Lewis is precluded from arguing the unconstitutionality of the search and seizure; any objection was waived by the failure to file a motion to suppress.[4]
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant contends that under the Eighth Amendment to the United States Constitution and Article 1, Section 20, of the Louisiana Constitution, the life sentence mandated by LSA-R.S. 40:966(B) is unconstitutionally disproportionate to his crime.
Relying on Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), defendant argues that distribution of narcotics is not as serious as the violent crimes which mandate a life sentence and the punishment is more severe than that provided in other jurisdictions for equivalent offenses.
Helm, supra, vacated the life sentence imposed under a South Dakota recidivist statute which specifically excluded the possibility of parole. That defendant, who had six prior convictions for nonviolent felonies, received the life sentence for issuing a one hundred dollar "no account" check. Helm held that: "a criminal sentence must be proportionate to the crime for which the defendant has been convicted. Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes as well as to the discretion that trial courts possess in sentencing convicted criminals. But no penalty is per se constitutional." 463 U.S. at ___ _ ___, 103 S.Ct. at 3009, 3010, 77 L.Ed.2d at 649. A proportionality analysis should be guided by objective criteria, including: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions.[5]
The gravity of this offense was discussed in State v. Mallery:[6]
"It is no defense to this prosecution that distribution of drugs is not a violent crime and consequently punishment for this offense should not be on a par with second-degree murder and aggravated kidnapping. Assuming the punishments are equal, traffic in narcotics is an insidious crime which, although not necessarily violent, is surely as grave. Indeed, the effect upon society of drug traffic is pernicious and far-reaching. For each transaction in drugs breeds another and in the case of heroin the degeneracy of the victim is virtually irreversible. Compared *560 to the effect of drug traffic on society, isolated violent crimes may well be considered the lesser of the two evils." 364 So.2d at 1285.
The legislature correctly classifies heroin drug trafficking as a serious crime because of its epidemic proportions and the compounding damage to society. State v. Terrebonne, 364 So.2d 1290 (La., 1978).
This mandatory life sentence and that in the habitual offender statute, LSA-R.S. 15:529.1,[7] are the only ones imposed in Louisiana for non-violent crimes. A life sentence under a habitual offender statute was upheld in Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) where parole was possible after twelve years.
Distribution of narcotics is a graded offense in which harsher penalties are imposed for the more serious drugs. LSA-R.S. 40:961, et seq. Distribution of heroin is a serious crime with devastating consequences both to addicts and to society. A mandatory life sentence is not disproportionate to any offense involving heroin, particularly where, as here, the offender does not have the excuse of addiction.
A comparison to the penalties in other states for the same crime was conducted in State v. Terrebonne:
"Life imprisonment is the maximum penalty for the distribution of narcotics in a substantial number of states. See, e.g., Arizona (Ariz.Rev.Stat. §§ 36-1002.02(A)-03(A) 1974 and Supp.1977); Idaho (Idaho Code § 37-2732(a)(1)(A) (1977); Missouri (Mo.Ann.Stat. § 195-200(1), (4) (Vernon Supp.1978); Montana (Mont. Rev.Codes Ann. § 54-132 (Supp.1977); Rhode Island (R.I.Gen.Laws § 21-28-4.01(A)(1) (Supp.1977), and Texas (Tex.Rev. Civ.Stat.Ann. art. 4476-15, § 4.03 (Vernon 1976)." 364 So.2d at 1292.
The trial court could have imposed a suspended sentence rather than life imprisonment. On re-sentencing, the trial court considered a suspended sentence, heard testimony on the likelihood of rehabilitation, and concluded it was not feasible because the defendant was "not a drug addict, but indeed a seller."[8] (Tr. 337)
The legislature did not exceed its broad authority in providing a life sentence for the serious crime involved and the trial court did not abuse its discretion in not granting a suspended sentence. At the time of this offense, LSA-R.S. 40:966(B) provided that one convicted of possession with intent to distribute heroin "shall be sentenced to life imprisonment at hard labor."[9] Prior to a 1977 amendment,[10] the trial court did not have authority to give a mandatory life sentence without benefit of probation. State v. Domino, 360 So.2d 194 (La.,1978). State v. Wilson, 362 So.2d 536 (La., 1978). At the time of the crime, a life sentence "without benefit of parole" was illegal.[11]
For the foregoing reasons, the conviction is affirmed. The sentence is amended to delete the words "without benefit of parole," and, as amended, is affirmed.
AMENDED AND AFFIRMED.
DENNIS, J., concurs in the result as to affirming the conviction and sentence but dissents from the court's refusal to grant an evidentiary hearing on the ineffective assistance of counsel claim.
CALOGERO, J., dissents and assigns reasons.
*561 CALOGERO, Justice, dissenting.
There is merit to Assignment of Error No. One. The evidence seized in the bar was illegally obtained. There was no probable cause for the warrantless search. At trial, counsel objected to the admission. The objection was overruled.
The majority disposes of this assignment simply by stating that no motion to suppress was filed as required by La.C.Cr.P. art. 703A. In the normal appeal, that disposition would be appropriate. Normally, on appellate review in a situation such as this, a defendant will be told that he can raise ineffective assistance of counsel in a post conviction application. But this is not a normal situation. It is unlikely defendant will get any attention hereafter on that asserted constitutional error. This is for the reason that, unlike any other case in this Court in recent memory, an application complaining of the constitutional violation of ineffective assistance of counsel (for the asserted reason that defendant's attorney, with a good motion to suppress, neglected to file it) was filed and disposed of prior to this appellate review of the conviction in the very same case. In State v. Lewis, 352 So.2d 236 (La.1977), defendant was denied relief with Justices Tate and Dennis dissenting.[1] In my view, this earlier resolution by writ denial did not reflect the careful evaluation and study which was warranted by this error.
NOTES
[1] At the time of the crime, on December 29, 1976, LSA-R.S. 40:966 provided:

"A. Manufacture; Distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
"(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule I;
"(2) To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance classified in Schedule I.
Heroin is a Schedule I drug. LSA-R.S. 40:964.
[2] At the time of the crime, LSA-R.S. 40:966(B) provided:

"B. Penalties for violation of Subsection A. Any person who violates Subsection A with respect to:
"(1) A substance classified in Schedule I which is a narcotic drug (all substances in Schedule I preceded by an asterisk `*'), upon conviction shall be sentenced to life imprisonment at hard labor and, in addition, may be required to pay a fine of not more than Fifteen Thousand Dollars."
Heroin is a narcotic drug.
[3] LSA-C.Cr.P. art. 703 A then provided:

"A. A defendant aggrieved by an unconstitutional search or seizure may move to suppress, for use as evidence at the trial on the merits, any tangible objects or other property, or documents, books, papers or other writings, on the ground that they were so obtained. A motion filed under the provisions of this Paragraph must be filed no later than three judicial days before trial on the merits begins, except where the defendant receives notice of trial thirty days before trial on the merits, then such motion must be filed no later than fourteen calendar days before the trial on the merits begins, unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion. The court in its discretion may permit the filing of such a motion to suppress at any time before or during the trial."
[4] On August 16, 1977, an evidentiary hearing was held on Lewis' petition for habeas corpus alleging ineffective assistance of counsel based mainly on his retained counsel's failure to file a motion to suppress. According to his attorney, Lewis maintained that the police planted the heroin in his jacket. Lewis was denied relief and his writ application was also denied. State v. Lewis, 352 So.2d 236 (La., 1977). His habeas application was also denied by the U.S. Supreme Court. 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981).
[5] A Helm analysis was made in State v. Foley, 456 So.2d 979 (La., 1984), which affirmed a mandatory life sentence for aggravated rape.
[6] 364 So.2d 1283 (La.,1978), cert. den. 442 U.S. 940, 99 S.Ct. 2881, 61 L.Ed.2d 310 (1979).
[7] A life sentence under this statute was imposed for a fourth felony conviction and affirmed as not being unconstitutionally excessive. State v. Thomas, 447 So.2d 1053 (La.,1984).
[8] There was also expert testimony at trial that: "the man is definitely not addicted to heroin." (Tr. 326)
[9] The statute was amended by Act 631 of 1977 to prohibit probation or suspension of sentence.
[10] Act 631 of 1977 provided in pertinent part:

"(1) A substance classified in Schedule I which is a narcotic drug (all substances in Schedule I preceded by an asterisk ` * `), upon conviction shall be sentenced to life imprisonment at hard labor without benefit of probation, or suspension of sentence, and may, in addition, be required to pay a fine of not more than fifteen thousand dollars."
[11] Lewis' sentence will be amended to delete the words "without benefit of parole." However, the life sentence does not allow Lewis the possibility of parole "... until his life sentence has been commuted to a fixed number of years." LSA-R.S. 15:574.4(B). In rejecting the defendant's argument that the mandatory character of the sentence leaves no room to individualize the punishment. State v. Mallery, supra, noted: "This argument overlooks the broad statutory standards in which probation, suspended sentences, commutation and parole are permissible." 364 So.2d at 1284.
[1] The only members of the present majority who participated and voted to deny Lewis' writ application were Chief Justice Dixon and Justice Marcus.