SCHOTT, Judge.
On January 5, 1976 defendant was convicted of distribution of heroin (LSA-R.S 40:966(B)) and sentenced to life imprisonment. The alleged date of the offense was September 4, 1975. The United States District Court granted his application for post conviction relief based upon a showing that the trial judge was not aware that he could consider suspension of sentence and probation in imposing the sentence. The federal court ordered him resentenced and on November 6,1987 the trial court, not the same judge as before, resentenced the defendant to life imprisonment. By his only sole assignment defendant contends the sentence is excessive.
At the time of the offense R.S. 40:966(B) provided for a sentence of life imprisonment but did not deny the offender eligibility for suspension of sentence and probation. In 1977, after the present offense, the legislature amended the statute to eliminate the possibility of suspension of sentence and probation. Under these circumstances the resentencing judge must consider the alternatives of suspension of sentence and probation and his sentence must be in compliance with the guidelines set forth in C.Cr.P. art. 894.1. This is so even though art. 894.1 was not added until 1977, subsequent to the date of the offense. State v. Foret, 380 So.2d 62 (La.1980).
The sentencing transcript reveals that the defendant’s present age is 35, and his age at the time of the offense was 23. Defendant testified that he had not gotten into any trouble during his thirteen years in prison and that he has some prospect for employment through his mother’s employer should he be released. The record shows that he was convicted of selling five bags of heroin to an undercover agent.
In imposing sentence on the defendant the trial judge did not articulate his reasons and make no reference to any of the guidelines set out in C.Cr.P. art. 894.1. However, where the record illumines the sentencing choice an articulated compliance with art. 894.1 is not always necessary for the sentence to be valid. State v. Brown, 412 So.2d 998 (La.1982); State v. Price, 403 So.2d 660 (La.1981).
The state argues these eases make inappropriate a remand of the present case for resentencing, but these cases do not support the argument. In Brown the court concluded that the sentence was not excessive after summarizing from the record many details of the offense and noting that the trial judge did refer to at *94 least some of art. 894.1’s guidelines. In Pnce the court remanded the case for re-sentencing because the trial court “ignored or discounted several important mitigating considerations without providing any reasons for doing so, and the sentence imposed is relatively harsh....” As in Price it is preferable in the instant case to require the trial court to reexamine the sentence and to articulate his reasons based upon the guidelines of art. 894.1.
Accordingly, the sentence is vacated, and the case is remanded for resentencing.
SENTENCE VACATED AND REMANDED