WILLIAMS, Judge.
Defendant, Robert Grant, was indicted on January 22, 1976 for distribution of heroin, a violation of LSA-R.S. 40:966. The alleged date of the offense was July 8, 1975. After a jury trial, he was found guilty as charged, and on March 16, 1976 he was sentenced to life imprisonment at hard labor. His conviction was affirmed by the Louisiana Supreme Court. However, his sentence was later vacated, and the case was remanded for resentencing, apparently so that the trial court could consider the full range of sentencing options under the statute. On August 1, 1985, defendant was resentenced to life imprisonment.
Defendant filed this appeal, alleging that 1) the sentence of life imprisonment is unconstitutionally excessive, as the trial court failed to suspend defendant’s sentence or place him on probation; and 2) due to an “irreconcilable conflict” between LSA-R.S. 40:966 and LSA-R.S. 15:574.4(B), defendant is entitled to resentencing or commutation of sentence. We affirm.
Assignment of Error No. 1
In his first assignment of error, defendant contends that the sentence of life imprisonment was excessive, as the resen-tencing judge failed to consider the options of suspended sentence and probation which were available under the penalty provision of LSA-R.S. 40:966. In particular, defendant asserts that the trial judge did not follow the guidelines of LSA-C.Cr.P. art. 894.1 when he failed to consider that defendant’s participation in the offense was “minimal” and that the quantity of heroin was relatively small. This assignment is without merit.
At the time of the offense, LSA-R.S. 40:966 provided for mandatory life imprisonment but did not prohibit eligibility of probation or suspension of sentence. The statute was amended by Acts 1977, No. 631, to provide for life imprisonment “without benefit of probation, or suspension of sentence.” Under these circumstances, the resentencing judge must consider suspension of sentence and probation as sentencing options. State v. Hopkins, 367 So.2d 346 (La.1979); State v. Gabriel, 533 So.2d 92, 93 (La.App. 4th Cir.1988). Additionally, the court must follow the sentencing guidelines enumerated in LSA-C.Cr.P. art. 894.1, even though that article was not added until 1977, after the date of the offense. State v. Gabriel, 533 So.2d at 93, citing State v. Foret, 380 So.2d 62 (La.1980).
*530 The resentencing transcript m the instant case shows that the trial judge followed the prescribed guidelines of LSA-C.Cr.P. 894.1 and fully considered any mitigating circumstances of the case. First, the court stated that it “is always interested, in these cases, in determining whether or not the distribution of heroin was in fact what could be called an isolated situation ...; or was the situation one where it appeared from the evidence adduced at the trial, that the defendant was actively engaged in the distribution of heroin.” The court considered defendant’s involvement in the offense, including the fact that defendant discussed the deal with the undercover officer, brought the officer to defendant’s cohort, Mr. Gerald Frank, for the exchange and was instructed to “get some more.” Next, the court considered a pre-sentence investigation report and noted that the defendant had an extensive prior history of criminal activity. The court also noted that the presentence investigation revealed a parole violation, indicating that defendant would not likely respond affirmatively to probation or suspension of sentence. Finally, the trial judge noted that he had spoken with defendant’s wife but stated that defendant’s family was doing “quite well” without the defendant in their lives. The court also considered that it had received numerous letters on defendant’s behalf, including one from a gentleman offering to make available a job for defendant. However, in view of defendant’s pri- or criminal record, the court did not consider defendant a good candidate for suspension of sentence or probation.
Thus, the record indicates that the trial court fully considered defendant’s involvement in the offense, his prior criminal record, and any mitigating circumstances. Accordingly, the trial court did not err in failing to suspend defendant’s sentence under LSA-C.Cr.P. art. 894.1.
Assignment of Error No. 2
By this assignment of error, defendant asserts that his sentence is illegal and that he is entitled to resentencing or a commutation of sentence due to a conflict between LSA-R.S. 40:966, which does not prohibit parole eligibility, and LSA-R.S. 15:574.4(B).[1] Defendant’s apparent argument is that he was effectively denied parole illegally since LSA-R.S. 15:574.4(B) precludes parole eligibility absent commutation of sentence. This assignment is without merit.
LSA-R.S. 40:966(B) mandates a life sentence for one convicted under that statute, but does not prohibit the benefit of parole. LSA-R.S. 15:574.4(B) does not conflict with LSA-R.S. 40:966, but rather, restricts the penalty to the extent that a defendant sentenced to life imprisonment shall not be eligible for parole consideration until his sentence is commuted to a fixed term. The legislative authority to prescribe punishment for statutory crimes is plenary and its determination is vested with a presumption of constitutionality. State v. Mallery, 364 So.2d 1283 (La.1978), cert. den. 442 U.S. 940, 99 S.Ct. 2881, 61 L.Ed.2d 310 (1979); State v. Dazet, 378 So.2d 1369, 1374 (La.1979), cert. den. 449 U.S. 842, 101 S.Ct. 123, 66 L.Ed.2d 50 (1980). We find no error in the sentence imposed in the instant case.
The several cases cited by defendant in support of his argument that the life sentence was illegal are inapposite to the instant case. In those cases, the sentences imposed by the trial court exceeded statutory limits and were either vacated and remanded or amended to delete that portion which was excessive.
Accordingly, defendant’s second assignment is without merit.
For the foregoing reasons, we affirm the sentence of life imprisonment imposed by the trial court upon resentencing.
AFFIRMED.

. LSA-R.S. 15:574.4(B) reads, in pertinent part:
No prisoner serving a life sentence shall be eligible for parole consideration until his life sentence has been commuted to a fixed term of years.