WILLIAMS, Judge.
Defendant, Jean B. Jones, was charged by bill of indictment with distribution of heroin, a violation of LSA-R.S. 40:966. After a jury found her guilty as charged, defendant was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence.
Defendant filed this appeal. Counsel for defendant asserts that the trial court erred in imposing an excessive sentence. In addition, defendant filed two pro se briefs asserting that her appointed trial counsel was ineffective in the following particulars: 1) failure to prepare a trial strategy; 2) failure to investigate the case; 3) failure to confer with defendant prior to trial; 4) failure to advise defendant of her Fifth Amendment right against self-incrimination prior to her taking the witness stand; and 5) making improper remarks during closing arguments which denied defendant of a fair trial. We affirm.

Facts

On the evening of September 4, 1987, Officer Donald Polk of the New Orleans *893 Police Department went to the Popeyes on the corner of Broad Street and Washington Avenue and sat in his parked car in furtherance of an undercover narcotics investigation. At approximately 9:30 p.m., defendant approached Polk and entered his car. Polk told defendant that he wanted to purchase two “bundles of dope” [1] (heroin) from her. Defendant told Polk that she could sell him only one bundle at that time. Polk agreed and gave defendant $300 in marked N.O.P.D. expense funds, and defendant gave Polk thirty-six foil packets.
Polk signaled to other surveillance officers in the area. Officers Overman and Glaser arrested defendant and advised her of her rights and the charge against her. Officer Overman searched defendant and found ten small foil packets containing white powder and four $100 bills, $300 of which was identified as that which Polk had given her.
At trial, the parties stipulated that crimi-nalist Charles Krone tested the forty-six packets and that twenty-three of them tested positive for heroin.

Assignment of Error No. 1

Defense counsel urges that the trial court erred in imposing a life sentence without benefit of parole.[2] LSA-R.S. 40:966(B)(1), the penalty provision for distribution of heroin, mandates “life imprisonment at hard labor without benefit of probation, or suspension of sentence ...,” but does not prohibit parole. Thus, the sentence imposed by the trial court is illegal. State v. Valentine, 496 So.2d 378, 379 (La.App. 4th Cir.1986). Accordingly, we amend the sentence to exclude the prohibition against parole.

Assignment of Error No. 2

In her pro se assignment of error, defendant contends that she was denied effective assistance of counsel. Specifically, defendant aserts that her appointed counsel failed to prepare for trial, confer with her before trial, and investigate the case. Defendant further alleges that counsel advised her to take the witness stand without first apprising her of her right against self-incrimination and finally, that counsel made improper, prejudicial remarks during closing arguments.
Generally, the issue of ineffective assistance of counsel is more properly raised in an application for post-conviction relief, filed initially in the trial court where a full evidentiary hearing can be held. State v. Prudholm, 446 So.2d 729, 737 (La.1984); State v. Petta, 496 So.2d 390, 392 (La.App. 4th Cir.1986), writ den. 533 So.2d 10 (La.1988). However, in the interest of judicial economy, the issue may be decided on appeal where there is sufficient evidence in the record to determine whether counsel was ineffective. State v. Seiss, 428 So.2d 444, 449 (La.1983); State v. Haywood, 516 So.2d 196, 197 (La.App. 4th Cir.1987).
The test for determining whether counsel was ineffective was delineated by the Louisiana Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defendant must show 1) that counsel’s performance was deficient, i.e., counsel made errors so serious that he was not functioning as “counsel” guaranteed by the Sixth Amendment, and 2) that the deficiency prejudiced defendant, i.e., deprived defendant of a fair trial. Strickland v. Washington, 104 S.Ct. at 2064; State v. Jones, 537 So.2d 1244, 1249 (La.App. 4th Cir.1989); State v. Petta, 496 So.2d at 392.
In the instant case, the appellate record does not disclose whether defense counsel was remiss in his investigation and preparation for trial or in his contact with and advice to defendant. Further, whether defense counsel’s performance in this regard was so deficient as to deprive defendant of a fair trial cannot be determined from the record on appeal. Therefore, defendant’s remedy on these claims is *894 through an application for post-conviction relief in the trial court, where the effectiveness of defendant’s counsel can be fully developed in an evidentiary hearing.
However, insofar as defendant’s claim is based upon remarks made during closing argument, the issue of ineffective assistance of counsel may be decided on appeal since the record does contain a transcript of that closing argument. Defendant specifically complains that the following statements made by counsel were prejudicial and denied her of a fair trial:
Now, I’ve got a mountain to get over, ’cause I’ve got three officers who testified that they saw a transaction go down. Like a woman who’s an addict doesn’t know what end is up, realistically-
Our review of the closing argument in its entirety and the testimony adduced at trial shows that counsel was not deficient in making the statements complained of and defendant was not prejudiced by counsel’s remarks. As revealed by the trial transcript, three officers[3] testified for the State that they took part in the surveillance and witnessed defendant’s participation in the exchange. They testified that the same $300 given to defendant by Officer Polk was retrieved from defendant’s person after the exchange. This testimony was rebutted only by defendant’s own self-serving testimony that she did not get into Polk’s car, did not sell him anything, and did not receive any money from him. Additionally, defendant testified that she was treated for a methadone addiction just pri- or to the offense. Defendant also testified that she was “shooting” heroin and cocaine on the night of the offense.
In his closing argument, defense counsel merely acknowledged the unfavorable testimony which was already before the jury. He then appealed to the jury to consider returning one of the responsive verdicts, due to defendant’s addiction and consequent state of mind. We cannot say that, in making the remarks complained of by defendant, counsel was deficient or made errors so serious that he was not functioning as “counsel” guaranteed by the Sixth Amendment. Moreover, in light of the overwhelming evidence against defendant, we cannot say that defendant was prejudiced by counsel’s remarks in closing arguments. Accordingly, this assignment is without merit.
For the foregoing reasons, we affirm defendant’s conviction, amend the sentence to delete the prohibition of parole, and affirm the sentence as amended.
AFFIRMED AS AMENDED.

. Polk testified that a bundle is approximately thirty "hits,” or shots of heroin in the arm. The heroin obtained from defendant was packaged in aluminum foil packets.

. This is an error patent on the face of the record.

. Officers Donald R. Polk, Clarence Wethern, and April Overman.