627 So.2d 635 (1993)
Carol RICHARDSON
v.
LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS and Louisiana Board of Paroles.
No. 93-KD-0476.
Supreme Court of Louisiana.
November 29, 1993.
*636 Richard Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., Richard M. Olsen, Carol Ann Jewell, Asst. Dist. Attys., for applicant.
Edward A. Songy, Jr., Plaquemine, Laurie A. White, New Orleans, for respondent.
CALOGERO, Chief Justice.[*]
We consider here whether the mandatory life sentence imposed upon Carol Richardson for the possession and distribution of heroin under La.Rev.Stat. § 40:966(B) as enacted by the Louisiana Legislature in Act 207 of 1973, was illegal. Ms. Richardson contends that a mandatory life sentence without benefit of parole could not permissibly have been imposed because (1) "without benefit of parole" is not to be found in the applicable statute and because (2) the sentence was constitutionally excessive for this crime and this defendant. Concluding that the sentence is legal and that La.Rev.Stat.Ann. § 15:574.4(B) (West 1992), applicable here, bars eligibility for parole consideration for a prisoner serving a life sentence, we reverse the judgment entered in the district court which ordered that Ms. Richardson be deemed parole eligible immediately.
In October, 1976, Carol Richardson was indicted by the Orleans Parish Grand Jury on one count of distribution of heroin and one count of possession of heroin with intent to distribute. She pled guilty to both counts and was sentenced on January 6, 1977 to concurrent life sentences. Ms. Richardson is confined at the Louisiana Correctional Institute for Women in Iberville Parish by virtue of this sentence.
Urging that the sentencing provisions of Section 40:966(B)(1) did not prohibit parole and, alternatively, that the sentence, minus parole eligibility, violates the "Eighth Amendment's prohibition against cruel and unusual, excessive or disproportionate" sentences, Ms. Richardson filed a Petition Seeking Mandamus Relief in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[1] A commissioner of the Nineteenth Judicial District Court agreed and ordered that Ms. Richardson be deemed parole eligible immediately.
Act 207 of the 1973 Louisiana Legislative session, which amended the penalties for manufacturing or distributing a controlled dangerous substance classified in Schedule I[2], including heroin, provided in pertinent part:
B. Penalties for violation of Subsection A. Any person who violates Subsection A with respect to:
(1) A substance classified in Schedule I which is a narcotic drug ..., upon conviction shall be sentenced to life imprisonment at hard labor and, in addition, may be required to pay a fine of not more than Fifteen Thousand Dollars.
Although the statutory penalty did not refer to eligibility for parole consideration, Section 15:574.4(B) then stated, as it does now, that "[n]o prisoner serving a life sentence shall be eligible for parole consideration until his life sentence has been commuted to a fixed term of years."
*637 In the companion case of Bosworth v. Whitley, 627 So.2d 629 (La.1993), consolidated with this matter for oral argument and rendered this date, we found that there was no conflict between 1972 La.Acts 502, which amended Article 817 of the Louisiana Code of Criminal Procedure, and Section 15:574.4(B) of the Louisiana Revised Statutes. Noting that Article 817 addresses verdicts (it permitted a verdict in a capital case to be qualified) and that Section 15:574.4(B) regulates early conditional release of felons from the custody of the Department of Corrections, we concluded that the provisions operated concurrently, without any disharmony. The relationship between Section 40:966(B)(1) and Section 15:574.4(B) is much the same. Section 40:966(B)(1) provides the penalty for distribution or possession with intent to distribute Schedule I narcotic drugs and is silent regarding parole eligibility, while Section 15:574.4(B), as earlier recited, regulates early conditional release of felons from the Department of Corrections. Here, too, there is no disharmony. Applied together, Section 15:574.4(B) requires that parole eligibility cannot be considered for a life sentence imposed pursuant to Section 40:966 until that life sentence has been commuted to a fixed number of years.
Ms. Richardson's alternative argument is that the sentence of life imprisonment without eligibility for parole consideration is an excessive and disproportionate penalty in violation of the Eighth Amendment of the United States Constitution. With respect to heroin distribution or possession with intent to distribute, this Court has repeatedly held that a mandatory life term is not cruel and unusual, excessive or disproportionate, even for first offender addicts. State v. Lewis, 468 So.2d 557, 559-60 (La. 1985); State v. Mallery, 364 So.2d 1283, 1284-5 (La.1978), cert. denied, 442 U.S. 940, 99 S.Ct. 2881, 61 L.Ed.2d 310 (1979); State v. Terrebonne, 364 So.2d 1290 (La.1978); State v. Grant, 555 So.2d 528, 530 (La.App. 4th Cir.1989), writ denied, 558 So.2d 602 (La. 1990). Moreover, in the non-capital context, review of sentences for proportionality under the Eighth Amendment has been severely circumscribed by the United States Supreme Court. Harmelin v. Michigan, ___ U.S. ___, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).

DECREE
We find that Section 15:574.4(B) must be applied to Ms. Carol Richardson's sentence of life imprisonment pursuant to Section 40:966(B) for the possession and distribution of heroin and that parole eligibility cannot be considered until that life sentence has been commuted to a fixed number of years. We further find that this sentence is not a violation of the Eighth Amendment of the United States Constitution. Accordingly, we reverse the judgment of the district court, adopting the Commissioner's recommendation, which decreed that Ms. Richardson be deemed parole eligible immediately.
REVERSED.
NOTES
[*] WATSON, J., recused, not on panel.
[1] Venue in the Nineteenth Judicial District Court for the Parish of East Baton Rouge Parish was proper. When a person is adversely affected by the action or non-action of the parole board, claims are filed under La.Rev.Stat.Ann. § 15:571.15 and 574.2(B)(2) (West 1992). State ex rel. Mitchell v. State, 580 So.2d 906, 909 (La.1991). Section 15:571.15 provides that venue in any action concerning parole shall be in the Parish of East Baton Rouge.
[2] La.Rev.Stat.Ann. § 40:963 (West 1992) established five schedules of controlled substances. The drugs or substances included in Schedule I are those with a high potential for abuse, with no currently accepted medical use in treatment in the United States, and a lack of accepted safety for use of the drug under medical supervision. Composing Schedule I are opiates, opium derivatives, hallucinogenic substances, depressants, and stimulants.