h BYRNES, C.J.,
Dissents in Part with Reasons.
I respectfully dissent with respect to the issue of whether a patent error exists where the trial court imposes a life sentence without the benefit of parole. I would follow the case of Richardson, in which the Louisiana Supreme Court stated:
We consider here whether the mandatory life sentence imposed upon Carol Richardson for the possession and distribution of heroin under La.Rev.Stat. § 40:966(B) as enacted by the Louisiana Legislature in Act 207 of 1973, was illegal. Ms. Richardson contends that a *1136 mandatory life sentence without benefit of parole could not permissibly have been imposed because (1) “without benefit of parole” is not to be found in the applicable statute and because (2) the sentence was constitutionally excessive for this crime and this defendant. Concluding that the sentence is legal and that La.Rev.Stat.Ann. § 15:574.4(B) (West 1992), applicable here, bars eligibility for parole consideration for a prisoner serving a life sentence, we reverse the judgment entered in the district court which ordered that Ms. Richardson be deemed parole eligible immediately.
Id., 627 So.2d at 636.
In Richardson, the Louisiana Supreme Court concluded:
We find that Section 15:574.4(B) must be applied to Ms. Carol Richardson’s sentence of life imprisonment pursuant to Section 40:966(B) for the possession and distribution of heroin and that parole eligibility cannot be considered until that life sentence has been commuted to a fixed number of years. We | ¿further find that this sentence is not a violation of the Eighth Amendment of the United States Constitution. Accordingly, we reverse the judgement of the trial court, adopting the Commissioner’s recommendation, which decreed that Ms. Richardson be deemed parole eligible immediately. [Emphasis added.]
Id. at 637.
In Mills v. Cain, 1999 WL 681385, *6 (E.D.La.8/31/99), the federal district court followed Richardson and stated:
In analyzing the proportionality issue in relation to the statute in question, La. R.S. 40:966, it must be noted that the Louisiana Supreme Court has flatly rejected the petitioner’s argument. In Richardson v. Louisiana Department of Public Safety and Corrections, 627 So.2d 635 (La.1993), the Louisiana Supreme Court considered the question whether a mandatory life sentence for possession and distribution of heroin under La. R.S. 40:966 was constitutionally excessive and whether it was illegal because there was no parole eligibility. The Louisiana Supreme Court, citing the United States Supreme Court decision in Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), held that the mandatory life sentence for possession and distribution of heroin is not a violation of the Eighth Amendment nor was it illegal under Louisiana law.
In petitioner’s application for post-conviction relief, the state trial court, citing Richardson, held that a life sentence is not constitutionally excessive. Mills v. Cain, No. 94-487 (24th JDC La. Mar. 20, 1997). The Louisiana Fifth Circuit and Supreme Court both agreed.
The question here is whether this decision was “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. S 2254(d)(1). In Harmelin, 111 S.Ct. at 2683, the United States Supreme Court considered whether a mandatory life sentence without possibility of parole for a defendant convicted of possession of more than 650 grams of cocaine was disproportionate and was “cruel and unusual punishment” in violation of the Eighth Amendment. The Supreme Court held that mandatory sentences are not subject to proportionality review because “[proportionality review is one of several respects in which we have held that ‘death is different,’ and have imposed protections that the Constitution nowhere else ^provides.” 111 S.Ct. at 2701. As to *1137 the “cruel and unusual punishment” argument, the Supreme Court held that “this claim has no support in the text and history of the Eighth Amendment. Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation’s history.... There can be no serious contention, then, that a sentence which is not otherwise cruel and unusual becomes so simply because it is ‘mandatory.’” Id.
It is patent that the state court’s determination of this issue was not contrary to clearly established Supreme Court law, but in fact follows it. Thus, plaintiffs claim of cruel and unusual punishment fails.
Petitioner also argues that his life sentence without parole is illegal under state law because it does not provide a possibility of parole. The Louisiana Supreme Court has likewise rejected this argument. See, Richardson, 627 So.2d at 637 and Bosworth v. Whitley, 627 So.2d 629 (La.1993). [Emphasis added.]
In Bosworth v. Whitley, 627 So.2d 629, 630 (La.1993), the Louisiana Supreme Court stated:
In this case, we examine the law relative to the Parole Board’s policy of refusing to consider parole eligibility for inmates sentenced to serve life sentences between July 26, 1972 and July 2, 1973, while 1972 La.Acts No. 502(FN1) was in force. Concluding that the Board’s policy is legally correct, we reverse the judgment entered in the district court which had ruled that twenty-nine inmates serving life sentences in Angola Penitentiary are eligible for immediate parole consideration.
The Supreme Court not only reviewed the issue with respect to the twenty-nine inmates, who either received the death penalty but their sentences were changed to life, or who pled guilty without capital punishment. The Louisiana Supreme Court discussed the issue with respect to life sentences in general.
The Supreme Court found that:
While the foregoing emphasizes the power and authority of the Board of Parole, the general parole provisions contained in Section 15:574.4 clearly reveal |4that parole eligibility (which is determined by the sentence) and eligibility for parole consideration (which is dependent on meeting certain criteria and conditions specified by statute) are closely regulated by the Legislature. In Subsection A(l), the scheme provides that inmates otherwise eligible for parole, prisoners whose sentences do not carry parole restriction, become eligible for parole consideration under the following circumstances: when a first time offender has served one-third of the sentence imposed or when a second offender has served one-half of the sentence imposed. A person convicted of a third or subsequent felony is not eligible for parole. Although not applicable to an inmate serving a life sentence which has not been commuted to a fixed term of years, Section 15:574.4(A)(3) provides that prisoners sentenced to terms of thirty years or longer and who have reached the age of forty-five are eligible for parole consideration after serving at least twenty years in actual custody. Further legislative regulation of eligibility for parole consideration is contained in Subsection B, the statutory provision found unconstitutional by the Commissioner. It provides:
No person shall be eligible for parole consideration who has been convicted of armed robbery and denied parole eligibility under the provisions *1138 of R.S. 14:64, or who has been convicted of violation of the Uniform Narcotic Drug Law and denied parole eligibility under the provisions of R.S. 40:981. No prisoner serving a life sentence shall be eligible for parole consideration until his life sentence has been commuted to a fixed term of years. No prisoner may be paroled while there is pending against him any indictment or information for any crime suspected of having been committed by him while a prisoner. [Emphasis added in text.]
The Louisiana Legislature has thus provided parole consideration to inmates meeting specified standards and criteria, and has given to the Parole Board authority to make the final decision whether to release on parole. That scheme requires that those serving life sentences must first obtain a commutation by which the term of life is reduced to a fixed number of years, by petitioning the governor for clemency through the Board of Pardons, before becoming eligible for parole consideration. [Emphasis added.]
yd., 627 So.2d at 681-632.
In Bosworth, the Louisiana Supreme Court opined:
The existence of a parole system does not by itself give rise to a constitutionally protected liberty interest in early release. Board of Pardons v. Allen, 482 U.S. 369, 374, 107 S.Ct. 2416, 2418, 96 L.Ed.2d 303 (1987); Greenholtz v. Inmates of Nebraska Penal [and Correctional Complex], 442 U.S. at 11, 99 S.Ct. at 2105. Laws or regulations providing that a parole board “may” release an inmate on parole have not been found to give rise to that interest. Board of Pardons v. Allen, 482 U.S. at 378, n. 10, 107 S.Ct. at 2421, n. 10. (FN5 omitted)
Reviewed against Greenholtz and Board of Pardons v. Allen, it is apparent that the Louisiana parole statutes do not create an expectancy of release or liberty interest in general, or for those with life terms in particular. Inmates meeting standards contained in the law do have a statutory right to parole consideration, but the Parole Board has full discretion when passing on applications for early release. Furthermore, the Louisiana scheme specifically excludes parole consideration for inmates serving uncommitted life sentences. An inmate can remove this impediment to parole consideration by petitioning for an award of clemency in the form of commutation. If clemency is granted, the inmate joins the pool of other qualifying prisoners entitled to be considered by the Board for conditional early release on parole.
Louisiana’s constitutional and statutory provisions governing reprieve, pardon, and parole form a coherent whole. The scheme gives effect both to the Legislature’s authority to define and establish penalties for criminal offenses and to the executive’s plenary power to reprieve, pardon, commute and remit fines and forfeitures. Within the scheme, there have historically been placed restrictions on sentences of life imprisonment, which either disallowed parole altogether or required commutation as a pre-requisite to parole consideration. Offenses carrying life terms are among the most, if not the most, serious. Requiring that inmates convicted of such offenses first demonstrate merit for an award of executive clemency before receiving consideration for early release on parole is therefore reasonable. Such restrictions preclude any presumption that parole release will be available to felons sentenced to life imprisonment. Accordingly, we *1139 conclude that | fiLouisiana’s scheme regarding pardon and parole does not violate the constitutional mandates regarding either separation of powers or due process.
Id. at 633-634.
Bosworth held:
There is no conflict between 1972 La. Acts 502, which amended Article 817, and Section 15:574.4(B). The Code of Criminal Procedure provision addresses verdicts, and the relevant subsection of the Revised Statutes regulates early conditional release of felons from the custody of the Department of Corrections. The provisions operate concurrently, with no disharmony. In a similar situation, this Court noted that since Section 15:574.4(B) provides unequivocally that no inmate serving a life sentence shall be eligible for parole, parole consideration would be withheld from the defendant, by operation of law, despite the fact that the applicable penalty provision did not include the words “without benefit of parole.” State v. Wilson, 362 So.2d 536, 539 n. 3 (La.1978); State v. Lewis, 468 So.2d 557, 560 n. 11 (La.1985). Contrary to the views expressed in the district court opinion, there is no need to resort to rules of construction, to consult enactment dates of legislation, or to resort to the doctrine of repeal by implication. [Emphasis added.]
Id. at 634.
As stated above, the Louisiana Supreme Court found that restrictions on parole consideration preclude any presumption that parole release will be available to felons sentenced to life imprisonment. There is no presumption for parole eligibility for life sentences. In fact, an opposite presumption of parole eligibility would result where an error patent sentence is amended to delete the portion of the life sentence that is given “without benefit of parole.”
A defendant sentenced to life imprisonment is not eligible for parole until his life sentence is commuted to a fixed number of years under La. R.S. 15:574.4(B). At that time, the defendant can seek parole eligibility. If he is not ^satisfied with the Parole Board’s determination, he may appeal to the Nineteenth Judicial District Court, Parish of East Baton Rouge.
The present case, Morgan, involves the same sentence as Richardson, life imprisonment for distribution of heroin. I would follow Richardson v. Louisiana Dept. of Public Safety and Corrections, and Bosworth v. Whitley, based on the conclusion that there is no reversible error in the trial court’s denial of the benefit of parole.